SAMUEL A. BUCKMASTER

*v.*

JAMES GOWEN.

1. PARTNERSHIP—*suit at law by one partner against another.* Where a partnership is actually formed, and proceeds to do business as such, no action at law can be maintained by one of the partners against another for his misconduct as a member of the firm, such as refusing to furnish money to complete the business undertaken, as he had agreed to do in the formation of the partnership, whereby a great loss of profits is sustained. A final settlement of the affairs must first be had, and this can only be enforced in equity.

2. Such a case is distinguishable from a case where one refuses to become a partner according to his agreement. There, it seems, he is liable to an action at law.

APPEAL from the Circuit Court of Clark county; the Hon. O. L. DAVIS, Judge, presiding.

Mr. J. C. ROBINSON, Messrs. WILKIN & WILKIN, and Messrs. DULANEY & GOLDEN, for the appellant.

Mr. O. B. FICKLIN, and Mr. S. S. WHITEHEAD, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action of assumpsit, by Buckmaster against Gowen. Gowen demurred to the declaration. The circuit court sustained the demurrer, and gave judgment in bar of the action and for costs.

The only question presented by the record relates to the ruling of the circuit court in sustaining the demurrer to the declaration.

Plaintiff, in his declaration, alleges, in substance, that on August 17, 1871, Buckmaster, Gowen and Patterson entered into an agreement, by parol, for the formation of a partnership, under the style of Patterson, Gowen & Co., for the construction of a certain line of railroad, and agreed that Buckmaster should take measures to procure a contract for this firm with the railroad company, for the construction of said line of railroad by said firm; and they further agreed, that after such contract should be procured, Buckmaster and Patterson should each devote his personal attention and services to the carrying on the work by the firm under the proposed contract with the railroad company, and that Gowen would furnish to the firm all the money necessary to the successful performance by the firm of the proposed contract with the railroad company, such money to be furnished to the firm by Gowen from time to time, as the same should be needed in the prosecution of the work, and that all the net profits and gains which should accrue to the firm from the business, should be divided equally, share and share alike, between Buckmaster, Gowen and Patterson.

Plaintiff further alleged, that on that day he did procure to be made a contract between the railroad company and the said Patterson, Gowen & Co., such as was contemplated in the above agreement between Buckmaster, Gowen and Patterson. The said contract with the said railroad company is then set out in the declaration, and purports to be a contract between "The Danville, Olney and Ohio River Railroad Co., of the one part, and Patterson, Gowen & Co., * * of the second part,"

and is signed by the railroad company, by its proper officers, and by the firm name of Patterson, Gowen & Co., and also by the individual name of each of the parties who had so agreed to constitute said firm.

Plaintiff further avers, that in consideration of the premises, "the said firm of Patterson, Gowen & Co." commenced the construction of the work under the contract with the railroad company, (specifying, in detail, what the firm did,) and that he fulfilled all his undertakings, and paid out $1000 of his own means in prosecuting the work, and worked seven months in the business, which labor was worth $10,000.

Plaintiff further avers, that if Gowen had furnished the firm with the money necessary, etc., the firm could and would have performed its contract with the railroad company, at large gains and profits to the firm, viz: $150,000.

Yet Gowen did not furnish the money (necessary to successfully perform the contract with the railroad company) as the same became necessary, etc., but wholly failed and refused to do so, and that afterwards defendant fraudulently surrendered to the railroad company the contract made with the company, to be canceled, whereby plaintiff lost great gains and profits, which would otherwise have accrued to him as his share in the firm profits which would have accrued from the successful performance of the contract between the firm and the railroad company, and to the damage of plaintiff $50,000, etc.

We think the demurrer to this declaration was properly sustained. The injury complained of resulted from the misconduct of Gowen, as a member of the firm, in failing to contribute to its capital as it is alleged he ought to have done. The wrong complained of can only be ascertained after a final settlement of the affairs of the firm, and this can be enforced only in a court of equity.

From the allegations of the declaration, it clearly appears that the firm was actually formed, and did proceed to do business as such. This is not an action for a refusal to fulfill a promise made to become a partner.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCHOLFIELD, having been of counsel in matters involved in this case, took no part in the decision.