[Civil No. 283.   Filed September 3, 1890.]

[73 Pac. 446.]

SAMUEL C. REES, Plaintiff and Appellant, v. WILLIAM R. RHODES, Defendant and Appellee.

1. ACTIONS—PROCEDURE—NO DISTINCTION BETWEEN "EQUITY" AND "LAW"—CIVIL SUITS—REV. STATS. ARIZ. 1887, PARS. 649, 668, 734, CITED—RIGHT TO TRIAL BY JURY—VERDICT—NOT ADVISORY.—There is no distinction in procedure between "equity" and "law" under the statutes of this territory. All proceedings in courts of justice whereby a civil remedy for a civil wrong is sought, except in some special proceedings, are denominated civil suits. Statutes, *supra*, cited. Under our statutes parties to a civil suit, unless otherwise provided, are entitled to a trial by jury, and their verdict is not in any sense advisory—the judgment of the court must follow it, or the judge must set it aside as erroneous and order a new trial.

2. MORTGAGES—ACTION TO DECLARE DEED MORTGAGE—PAYMENT OR TENDER NOT REQUIRED.—In an action to declare a deed absolute on its face a mortgage, prior payment or tender of the amount of the indebtedness is not required.

3. SAME — SAME — EVIDENCE — UNSATISFIED JUDGMENT.— A judgment against plaintiff, assigned to defendant prior to the execution of a deed from plaintiff to defendant, and still unsatisfied, is admissible, in an action to declare the deed a mortgage, for the purpose of showing the relation of the parties.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. James H. Wright, Judge. Reversed.

The facts are stated in the opinion.

Herndon & Hawkins, for Appellant.

The appellant alleged in his complaint that he was indebted to appellee in the sum of $4,450, and that in order to secure the same he made to the appellee the deed set out in the complaint, and that at the *same time* appellant made under seal and delivered to the plaintiff a written instrument in the nature of, or which operated as, a defeasance.

The trial judge erred in ruling that plaintiff could not prove that he was indebted, by any legal obligation, to defendant. Appellant offered to show that a judgment had been duly rendered against the plaintiff; that such judgment was and is valid, subsisting, unpaid, and unsatisfied; that defendant purchased such judgment and was and is the owner thereof; that to secure this the deed was made by plaintiff to defendant, and the defeasance executed by defendant to plaintiff. All this evidence was excluded by the court.

If the defendant owned the judgment and held the same against plaintiff, and that judgment had never been paid or satisfied, and was still in force, it was proper that plaintiff should make this showing.

The defendant was afterwards permitted to testify that the debt was paid. The unsatisfied judgment on the records was better proof of this fact than defendant's mere statement; especially as Rees, the plaintiff, testified that the same had never been paid and that the very purpose of the deed and defeasance was to secure and not to pay the same.

The question to be settled was whether there was a preexisting debt, and also whether the intention of the parties was to cancel the debt or to secure it. The judgment, if subsisting and owned by the defendant, would show a pre-existing debt, and the further fact that the evidence of the indebtedness is retained or not cancelled by defendant after the conveyance would be strong proof that the conveyance was taken merely as security. Jones on Mortgages, vol. 1, sec. 326.

In the case of *Ennor* v. *Thompson*, 46 Ill. 223, 224, the court says: "That the retaining the evidence of the indebtedness, after receiving a deed absolute in terms of the mortgaged

premises giving back a lease to the grantor and receiving rents, characterize the transaction a mortgage.'' To the same effect, see *Sutphen* v. *Cushman*, 35 Ill. 186.

Baldwin & Johnston, for Appellee.

Appellant should pay or tender the amount of the indebtedness before being permitted to maintain this action. The supreme court of California says: ''The money having become due, it was incumbent on the defendant, if he desired to have the court declare that in equity the transaction constituted a mortgage, to offer to redeem. He cannot demand equitable relief in respect to the contract, while failing to perform his part of it. He should do equity by offering to redeem when seeking equity by having the deed declared a mortgage. There is no shadow of doubt in my mind that equity requires the defendant to pay or tender the amount loaned before he deprives the plaintiff of the right of possession, which flows from the deed and lease, and the expiration of the term.'' *Hughes* v. *Davis*, 40 Cal. 120.

KIBBEY, J.—Appellant denominates this a ''suit in equity'' to declare a deed absolute upon its face, and a defeasance given by appellee to appellant simultaneously with the delivery of the deed, a mortgage.

It appears from the record that the issues of facts in the cause were submitted to a jury that their verdict might be ''advisory'' to the court. As we have no courts of equity nor of law in this territory, and as the legislature has for a long time strenuously sought to abolish the distinction in procedure between ''equity'' and ''law,'' the courts and the bar should dismiss from their minds the idea of ''suits in equity'' or ''actions at law,'' so far as they tend to preserve that distinction. Our statute denominates all proceedings in courts of justice whereby a civil remedy for a wrong is sought, except in some special proceedings, civil suits. The courts and bar have clung so tenaciously to the observance of the distinction that in many instances the plain administration of justice has been thwarted. Our statutes (Rev. Stats. 1887) say that civil suits shall be begun by filing a complaint in the office of the clerk of the proper court (par. 649), and that the complaint

shall set forth a full and clear statement of the cause of action without any distinction between suits at law and in equity (par. 668), and that the defendant may plead as many several matters, whether of law or of fact, as may be necessary for his defense (par. 734). To ascertain the rights of parties litigant, we look to the statutes or to the rules laid down by the courts of law, but for the enforcement of those rights we ignore the source of the rights and proceed under the statute. And under our statutes parties to a civil suit, unless otherwise provided, are entitled to a trial by jury, and their verdict is not in any sense advisory—the judgment of the court must follow it, or the judge must set it aside as erroneous and order a new trial. This, then, is a civil suit to declare a deed absolute on its face a mortgage.

It is alleged in the complaint that on the twenty-sixth day of February, 1887, the appellant was indebted to the appellee in the sum of $4,450; that, to secure the payment of the same, appellant executed and delivered to appellee a deed, absolute and unconditional on its face, conveying to him the estate therein described; that, at the time of the execution and delivery of such deed, the appellee executed and delivered to appellant a written agreement, whereby, after reciting the conveyance before mentioned and the agreement of appellee to reconvey to appellant, appellee covenants and agrees that if appellant shall pay him, within twelve months after the date of the instrument, the sum of $4,450, and the interest at the rate of one and one-half per cent per month, appellee will make and deliver to appellant a deed reconveying the premises to appellant, but that on failure to make such payment the covenant and agreement shall be of no further effect; that on the first day of December, 1887, appellant paid appellee $801 on said indebtedness and on the twenty-sixth day of December, 1887, $1,000, and other payments in machinery, implements, pasturage, rent, and hay, sums aggregating $1,000, making a total payment on said indebtedness of $2,850, leaving a balance due appellee of $2,898.63; that on January 7, 1888, appellant was ready and willing to pay the full amount then due and owing upon said indebtedness, and offered and undertook to pay the same to the appellee, but that appellee refused the same, and claimed absolute owner-

ship of the land. The complaint further alleges a refusal
by appellee to account for rents and profits, etc., and claims
the right to redeem and be allowed as a credit on his indebted-
ness the rents and profits of the land received by appellee.
Appellant further alleges that the said indebtedness "is whol-
ly disproportionate to the value of said land and premises,
and was at the time of making the conveyance"—whether
the indebtedness was greater or less than the value is not
alleged.

The appellee denies specially all the facts tending to show
that the transaction related in the complaint constituted a
mortgage; alleged that the conveyance was made in consid-
eration of the discharge of the indebtedness due appellee from
appellant, and that the debt was so discharged; that the con-
veyance was so intended to be absolute, and not a mortgage.
The issue was submitted to a jury. The jury failed to agree
upon a verdict, and were discharged from further considera-
tion of the case.

The court thereafter found for the appellee. Appellant
filed his motion for a new trial, which was overruled.

Appellee suggests that this judgment should be affirmed
because of the failure of appellant to tender to appellee before
suit the amount of the alleged indebtedness, and cites 40
Cal. 120 in support of his view. In that case Hughes loaned
to Davis fifteen hundred dollars, and as security therefor took
a deed, absolute on its face, for certain real estate, and simul-
taneously executed to Davis a lease for the premises. On the
expiration of the term, the debt not having been paid, and,
after notice to quit, Hughes brought suit against Davis to
recover the land. It was held by the court that Hughes could
recover unless Davis first paid or tendered the amount
of the indebtedness. We think, probably, that the case was
decided correctly, inasmuch as the mortgagee was in pos-
session with the consent of the mortgagor (the possession of
the tenant being that of the landlord, a relation he could not
deny), and the mortgagor should not have recovered pos-
session without performing the condition of the mortgage.
But this case is easily distinguishable from that. Appellant
does not ask possession in this case. If the transaction in this
case constituted a mortgage it was such *ab initio;* "once a

mortgage, always a mortgage.'' We do not think that the appellant in such a case should be required to pay or tender the amount of the indebtedness before seeking the relief he here asks. To do so would or might be to deny him relief at all, for he might not be able to pay. But that fact should not deprive him of his right to have the mortgage foreclosed, and the payment to him of the surplus of the proceeds of a sale of the property above the amount necessary to pay the mortgage debt. The court could do full justice to the parties, if, in fact, the transaction constituted a mortgage, by fixing a new day for the payment of the debt, and in default thereof order a sale of the premises to pay the debt and foreclosure of the mortgagor's equity of redemption.

Upon the trial of the cause before the jury, the appellant offered in evidence a judgment in favor of the Arizona Land Company against Rees, the appellant, and the assignment of the judgment to appellee, in order to show the existence of an indebtedness from Rees, appellant, to Rhodes, the appellee. Upon the objection thereto by appellee, the court rejected the proposed evidence. This ruling is complained of by appellant.

The determination of the question whether the transaction between the parties constituted a deed and an agreement to convey, or simply a security for the payment of an indebtedness from appellant to appellee, depends, as in all contracts, upon the intent of the parties at the time of the transaction. It is not disputed that a deed absolute upon its face may be shown to be a mortgage, if that were the intent of the parties, nor that such intent may be shown by parol evidence or by evidence outside of the written memoranda of the transaction. To ascertain the intent, it is often necessary to know the relation of the parties to each other. Had it been shown, by the execution of the deed in this case and the contemporaneous agreement to reconvey, that the relation of the debtor and creditor existing between appellant and appellee, had ceased by virtue of the execution of the deed, it would justify the inference that the transaction constituted a simple conveyance with an agreement to reconvey, and not a mortgage. On the contrary, if it appeared that notwithstanding the deed the appellant was still indebted to appellee in a sum which was

expressed as the consideration of the deed, that would be a circumstance strongly tending to show that the parties intended simply, by the execution of the deed and the agreement to reconvey, to provide for the security of such indebtedness, and the agreement to reconvey is perfectly consistent in terms with such an intent.

It is alleged by appellant that an indebtedness existed and continued to exist after the execution of the deed. Appellee denies this and alleges that the indebtedness was discharged by the conveyance. The learned court who tried the case finds, among other things, that the debt was discharged by the execution of the deed. There was no evidence of the payment of the debt, except the statement of the appellee, as a witness, wherein he says, ''Rees owed me $4,450 on February 26, 1887, and on that date, in order to pay the same, he made and executed to me a deed.'' Appellant asserts the continuance of the debt. The best evidence of the indebtedness was the judgment and its assignment to the appellee. That it appeared that it never had been released and discharged of record would have been evidence of its nonpayment, and it is fair to presume that such evidence of payment did not exist from the mere fact of the offer of the judgment. Had the indebtedness been evidenced by a note and the note still remained in the hands of the grantee, it would have been evidence of nonpayment, and no one will contend that evidence of such fact would have been incompetent. We cannot see the difference in principle. We think it was error to exclude that evidence. It would have afforded the best evidence of a material fact. Had it been admitted, the jury might not have disagreed. They were called upon to decide between the statement of the parties, and were deprived of evidence that might have turned the scale. There are other matters discussed in the briefs, but it is unnecessary to consider them, as we think the judgment must be reversed.

For error in excluding from the evidence the judgment offered by appellee, the judgment of the district court must be reversed, and that court is directed to award a new trial.