BOEHME, Administratrix, Appellant, v. FITZGERALD,
Respondent.

(No. 2,969.)

(Submitted April 6, 1911.   Decided April 22, 1911.)

[115 Pac. 413.]

*Partnership—Actions Between Members—Death of Partner—
Effect—Administrators—Complaint—Insufficiency.*

Mining Partnership—Death of Member—Effect.
   1.   The death of a mining partner does not dissolve the partnership;
   the estate of the decedent succeeds to his interest and occupies the same
   relative position that he would occupy if alive.
Partnership—Actions Between Members—When not Maintainable.
   2.   In the absence of a settlement of the partnership business, one
   partner cannot maintain an action at law against his copartner with
   reference to the partnership affairs.
Same—Administrators—Complaint—Insufficiency.
   3.   A complaint by the administratrix of the estate of her husband in
   an action against the remaining member of a partnership of which de-
   cedent had also been a member, to recover partnership profits, which
   failed to allege that a settlement or adjustment of the partnership busi-
   ness had been had, did not state a cause of action.

*Appeal from District Court, Silver Bow County; John B.
McClernan, Judge.*

ACTION by Elizabeth Boehme, as administratrix of John
Boehme, against John Fitzgerald.   Judgment for defendant,
and plaintiff appeals.   Affirmed.

In behalf of Appellant, *Messrs. Maury & Templeman,* and *Mr.
J. O. Davies,* submitted a brief.   *Mr. Davies* argued the cause
orally.

*Mr. James T. Healy* and *Mr. James H. Baldwin* submitted a
brief in behalf of Respondent.   *Mr. Healy* argued the cause
orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This is an action to recover the sum of $7,311.50 and interest.
The complaint alleges that, prior to and at the date of the death

of John Boehme, a partnership existed between Boehme, Roberts, and Fitzgerald; that the partnership property consisted of a certain mining lease; that Boehme owned seven-sixteenths of such interest; that, from the death of Boehme, Roberts and Fitzgerald operated the property covered by the lease for fourteen months at a net profit, over all expenses, of $17,910; that Boehme's estate was entitled to $7,836.50; that Fitzgerald retained the portion belonging to Boehme's estate, and, though demand has been made upon him, he has refused to pay over the same, or any part, except the sum of $525. Issues were joined, and the cause brought to trial. The court sustained an objection to the introduction of any evidence on the part of the plaintiff, and rendered and had entered a judgment for defendant. From that judgment this appeal is prosecuted. The only question presented is: Does the complaint state a cause of action?

It is not clear, from the allegations of the complaint, whether Boehme, Roberts, and Fitzgerald were mining partners or general trading partners. If they were mining partners, the death [1] of Boehme did not operate to dissolve the partnership, and his estate succeeded to his interest, and occupies the same relative position that Boehme would occupy, if alive. (27 Cyc. 763; *Higgins* v. *Armstrong,* 9 Colo. 38, 10 Pac. 232; *Hawkins* v. *Spokane Hydraulic Min. Co.,* 3 Idaho, 241, 28 Pac. 433.) Since the other partners owned a majority interest, they were entitled to the management and control. (Rev. Codes, sec. 5544.) If the relationship existing between these parties was that of general trading partnership, the death of Boehme dissolved the partnership (section 5494); but the surviving partners were still entitled to continue in possession and to settle the partnership affairs (section 7607). It would be their duty to account to the administratrix of Boehme's estate, and upon failure to do so they could be compelled by summary proceedings. (Section 7607, above.) The section of the Code to which reference has just been made also provides that the administratrix may maintain against the surviving partner "any action which the defendant could have maintained." In the matter of relief, then —aside from the remedy furnished through the probate court—

the personal representative of the decedent occupies the same relative position, with reference to the surviving partners, that the deceased, if alive, would sustain to his copartners.

In the absence of a settlement of the partnership business, [2] one partner cannot maintain an action at law against his copartner with reference to the partnership affairs. This rule is recognized uniformly. (30 Cyc. 461, and cases cited.) In *Doll* v. *Hennessy Mercantile Co.*, 33 Mont. 80, 81 Pac. 625, this court said: "One partner cannot sue his copartner at law to recover his share of the firm assets. The amount to which he is entitled always depends upon a settlement of the partnership affairs and an adjustment of the balances between the partners"; citing *McMahon* v. *Thornton*, 4 Mont. 46, 1 Pac. 724. In *Riddell* v. *Ramsey*, 31 Mont. 386, 78 Pac. 597, we said: "The individual interest of one partner in the firm assets can only be ascertained by a settlement of the partnership [citing cases]. Such settlement can only be accomplished by agreement of the partners, or by an action in equity for an accounting, settling their several interests." The reason for the rule which denies to one partner the right to sue another at law before a settlement is had is apparent. One partner does not own or have a right to any specific portion of the partnership property. Section 5469, Revised Codes, provides: "The interest of each member of a partnership extends to every portion of its property." In Parsons on Partnership, section 112, it is said: "Every partner owns the whole partnership property, subject to equal ownership of every other partner; and no one partner can make his own ownership of any part absolute, or relieve it from the encumbrances of the ownership of the others, without their consent. * *. * But, although no partner owns absolutely any part of the property, he has an interest in the whole." In 30 Cyc. 444, the same thing is said in effect, as follows: "The interest of a partner in the firm assets is not that of a tenant in common, or of a joint tenant, at common law. It is the share to which he is entitled under the partnership contract, after the firm debts are paid and the partners' equities are adjusted."

Confessedly, the profits made by Roberts and Fitzgerald belonged to the partnership, and constituted a part of the partnership assets (Rev. Codes, secs. 5468 and 5485); but until a settlement of the partnership affairs is had, one partner cannot assert a right to any particular portion of the firm property. In 30 Cyc. 445, it is said: "As firm property is not owned by the partners in severalty, but belongs to the partnership, it follows that neither partner is entitled to exclusive possession of the firm estate, or of any item of property composing it. If a partner wrongfully asserts such exclusive possession, the other partners may obtain relief in equity; but they cannot maintain a purely possessory action at common law."

This complaint does not state whether there are firm debts outstanding, whether losses were incurred prior to Boehme's death, or whether any settlement or adjustment of the partnership business has ever been had. In *Riddell* v. *Ramsey,* above, this court held, in harmony with the authorities generally, that a [3] complaint in an action at law by one partner against another, which fails to allege that a settlement has been had, does not state a cause of action. Since Boehme's personal representative is not in any better position in this respect than Boehme himself would be, if alive, this complaint does not state a cause of action, and the trial court's ruling was correct.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.