180 P.2d 217

**JACOB v. CHERRY et ux.**

No. 4906.

Supreme Court of Arizona.

May 5, 1947.

Rehearing Denied June 17, 1947.

Armstrong & Spector, of Phoenix, for appellees.

**STANFORD, Chief Justice.**

Action was brought in the Superior Court by appellant, hereinafter called plaintiff, against defendants for damages resulting from a violation of an oral contract entered into about September 1, 1945, between the parties.

Plaintiff's complaint alleges the employment of defendant, Frank Cherry, on a commission basis for the purpose of selling, buying and exchanging trailers for plaintiff, and alleges that the business was to be conducted on premises owned by plaintiff at 310 North 20th Street, and certain lots on East Van Buren Street, Phoenix, Arizona; that plaintiff obtained, in his name, a license from the Arizona Highway Department, Motor Vehicle Division, and from the Arizona Tax Commission under which said business was to be conducted.

It is the claim of plaintiff, however, that it was originally agreed between the parties that the business should be a partnership, plaintiff to contribute $4,000 and defendants to contribute a similar amount at the commencement of the business, but that defendants were unable to raise the necessary cash, and later an agreement was entered into whereby plaintiff was to furnish all money and defendants contribute only their services, the latter to be paid on a commission basis as aforesaid. Plaintiff also asked for injunctive relief and an accounting for all

John M. Levy, of Phoenix, for appellant.

trailers sold by defendants subsequent to alleged an oral partnership agreement to last September 1, 1945. Defendants, by answer, for one year commencing September 1, 1945, whereby plaintiff was to furnish the money for their operations and to procure the licenses mentioned. Defendants were to give their full time to the business and that all profits and losses were to be shared equally.

Also defendants filed a cross complaint asking judgment on three claims, the first claim being from $500 for agreed profits due them for the months of September and October, 1945, and $492.50 as and for their share of profits for sales of trailers made by plaintiff after the partnership had been terminated by the acts of the plaintiff on November 1, 1945; a second claim for $5,696.-46 as anticipated profits of the partnership business had it continued, as originally agreed, to August 31, 1946; and a third claim for $350 as and for damages for conversion by plaintiff on November 14, 1945, of one certain homemade trailer alleged to belong to the defendants.

The case was tried without a jury and the trial court by its judgment found for the defendants and against the plaintiff on his complaint and from this part of the judgment the plaintiff did not appeal. The court then rendered judgment for the defendants on their cross complaint in the sum of $776 on the first claim; that nothing be taken by defendants against the plaintiff on the second claim; and judgment for the defendants on the third claim in the sum of $200. From the judgment in favor of the defendants on their first and third counts of their cross complaints, plaintiff appealed to this court.

Plaintiff's three assignments of error, in brief, are: (1) It was incorrect to grant judgment on the first count of the defendants' cross complaint for the reason that said pleading is based wholly upon the erroneous theory that a copartnership existed between plaintiff and defendants and the evidence in the record is wholly insufficient to support the allegation of the status of partnership. (2) The judgment was erroneous in reference to the first count of the defendants' cross complaint in granting the sum of $776 for the reason that the evidence in the record wholly fails to support such judgment. (3) The trial court erred in granting judgment on the third count for the reason that the evidence as shown by the record is wholly insufficient to support said judgment.

The first count of the defendants' cross complaint is an action by one who alleges himself to be a partner against one whom he claims is his copartner, based upon an oral partnership agreement, wherein the cross complainants (the defendants) seek a money judgment rather than an accounting. As such, it does not state a cause of action and should have been dismissed by the trial court, if necessary on its own motion, inasmuch as the cross defendant did not attack its sufficiency. This, for the reason it is the general rule that the only action, under circumstances such as these, that will lie between copartners in regard to partner-

ship business is an action for an accounting. The rule is stated in 47 C.J. Partnership, Sec. 250, p. 802, as follows:

"As a rule an action at law by one partner against his copartners will not lie on a claim growing out of the partnership transactions, until the business is wound up and the accounts finally settled. It follows that a partner cannot sue a copartner on a contract between himself and the firm in the absence of legislation permitting it; * * *"

Also in this court's case of Boyle v. Webb, 54 Ariz. 188, 94 P.2d 642, 645, we said in reference to actions between partners that:

"It is well settled that 'an accounting and settlement between copartners is a condition precedent to an action by one against another upon partnership claims and transactions.' 47 C.J. 804, section 251. In Bertozzi v. Collaso, 21 Ariz. 388, 188 P. 873, 21 A.L. R. 5, this rule is stated to be the law."

While we do not have the benefit of any findings of fact by the trial court as none were requested or made, still the principal issue before the court on this first count was whether a partnership existed. Evidently the court considered that it did, and then erroneously proceeded to award a money judgment instead of directing that an accounting be had between the partners. This error requires the reversal of the judgment entered on the first count of the cross complaint and the defective complaint is itself dismissed however without prejudice to the defendants' right to bring a proper suit. Section 21-1832, A.C.A. 1939, and Section 21-916 (Rule 41(b).

On the second count of the cross complaint the trial court found against the defendants on their claim for future profits of the partnership had it continued for the full year. There is no appeal before us as to this ruling, hence the judgment thereon is final.

As to the judgment on the defendants' third count of their cross complaint, the same should stand on the ground that the transactions therein referred to were entirely outside the partnership involving a conversion by plaintiff of a trailer belonging to defendants which had no connection with the partnership business. We have carefully reviewed the evidence on this count and as there is conflicting testimony, the finding of the trial court will not be disturbed upon appeal. Morgan v. Krook, 36 Ariz. 133, 283 P. 287. Hence the judgment in that respect is affirmed.

LaPRADE and UDALL, JJ., concurring.