213 P.2d 473

PEJSA v. BRIDGES.

No. 5072.

Supreme Court of Arizona.

Jan. 3, 1950.

Jerman & Flynn, of Phoenix, for appellant.

Frank W. Beer and Curtis E. Weland, of Phoenix, for appellee.

PHELPS, Justice.

This cause of action arises out of the dissolution of a partnership, the membership of which consisted of Joseph A. Bridges, appellant, Jaro J. Pejsa, appellee, M. B. Morgan, Earl Davis and Frank Walters.

The facts are that the partnership agreement was in writing and was executed on February 1, 1945. It provided in so far as material here: that it was to be operated under the name of J. A. Bridges, Painting Contractors; that it was created for the purpose of engaging in contracting

for and doing painting of every kind and character. The partnership operated in several states including Arizona and had its principal place of business in Phoenix. The volume of business done by the partnership and its successor in interest ran into something in excess of $300,000 during the year 1945. On June 30, 1945, said partners entered into a written agreement dissolving the partnership. By this agreement appellant purchased the interest of all the other partners agreeing to pay to the appellee for his interest the sum of $3,000; to M. B. Morgan, $2,000; to Frank L. Walters the sum of $1, and to Earl L. Davis the sum of $1, in consideration of which the partners agreed to and did in said instrument, assign, transfer, and set over unto appellant herein, all the right, title, interest, claims and demands of whatever kind and character they had in and to the property and assets of the partnership and the appellant herein assumed and agreed to pay the liabilities of the partnership on account of all partnership activities with certain exceptions which are here immaterial for the reason that they were not raised by the pleadings.

Appellee acknowledged receipt of $100 which he applied on the indebtedness and brought this action against appellant on the contract to recover the balance of $2,900.

Appellant admitted the execution of the written agreement dissolving the partnership but says that it was wholly without consideration and therefore void, and by way of cross complaint against appellee alleges that under the original partnership agreement the parties were to receive certain profits and to assume a proportionate share of the losses. He further claims that during the period the partnership was in existence it sustained a loss of at least $39,000 which appellant paid and at the time of the execution of the dissolution agreement appellee had nothing to assign but on the other hand was indebted to appellant in the sum of $7,419.17 for which appellant sought judgment on a cross complaint. Appellee in his answer to the cross complaint, denied any indebtedness to appellant. The cause was tried to the court sitting without a jury and judgment was entered for appellee on the complaint in the sum of $2,900 and costs. From this judgment and the order denying appellant's motion for a new trial, an appeal is prosecuted to this court.

Appellant has assigned as error the ruling of the trial court in denying him the right to prove by parol evidence a total failure of consideration for the written agreement dissolving the partnership and in rendering judgment for appellee.

We have held in Boyle v. Webb, 54 Ariz. 188, 94 P.2d 642, and in Yuma National Bank v. Balsz, 28 Ariz. 336, 237 P. 198 (and we believe it to be the universal rule) that in a suit on a promissory note parol evidence is admissible to prove a failure of consideration or that the note was not delivered to the payee with the

intention that it take effect as a completed contract. This rule applies equally to all contracts.

■■■ If appellant's contention is correct we will have to reverse the case. Let us see, however, what the record discloses in this particular. At the time appellant sought to prove failure of consideration for the dissolution agreement as alleged in his answer an objection was made by appellee upon the ground that the evidence offered violated the parol evidence rule in that there was an attempt to vary the terms of a written agreement. Upon the court indicating that the objection would be sustained appellant made an avowal of what he would prove if permitted to do so which was in substance that appellee was at all times during the existence of the partnership, its bookkeeper and was familiar with its operations and with the status of the partnership affairs and that the appellant was in the field "for the most part of the time" and had very little, if any, knowledge of the actual status of the books of the partnership as to whether they showed a profit or a loss; that the assets and the liabilities of the partnership were unknown to the appellant at the time the dissolution agreement was executed; that appellee's only interest in the partnership, if any, was an amount equal to 15% of the net profits of the partnership at the time of the dissolution. At that time appellant did not know that the partnership had suffered a $39,000 loss and did not know that appel-

lee's interest in the partnership was valueless. That he would prove that there were no profits but that on the other hand the partnership had suffered a loss of $39,000 during its existence. To this offer the court, after due consideration, sustained the objection and entered judgment for the plaintiff upon his complaint.

We are of the opinion that appellant perhaps misconceives the principle of law involved in the court's ruling. We perceive the effect of that ruling to be: not that parol evidence was inadmissible to show a failure of consideration for the agreement in question. But assuming all that appellant avowed he would prove if permitted to do so, was true, it would not amount to a failure of consideration for the contract of dissolution. In this we heartily concur. Appellant in his answer did not allege any fraud, deceit or coercion on the part of appellee in procuring the agreement of dissolution. So far as the record discloses it was a free and voluntary action on the part of all the partners after a meeting of the minds the effect of which was to dissolve the partnership in the manner agreed upon in the contract creating the partnership, to wit, "by mutual agreement." It also had the effect of settling the partnership accounts as between the partners themselves. Hence appellee's knowledge of the partnership affairs as shown by the books and appellant's lack of knowledge, in the absence of allegation

of fraud and deceit become immaterial and wholly inadmissible in evidence.

Appellant claims that because there were no profits that appellee had nothing to assign and since he had nothing to assign that it resulted in a total failure of consideration. In answer to that be it remembered that all appellee agreed to do was to "assign, transfer and set over unto said Joseph A. Bridges all right, title, interest, claims and demands of whatever kind and character of the said * * * Jaro J. Pejsa * * * in and to the property and assets of the aforesaid partnership * * *." He made no warranty whatever in said written instrument that his interest, right, title, claim or demand of any kind to the partnership assets would ultimately prove to be of monetary value. The legal effect of the language used was that if appellee had any valuable right, title, interest, claim or demand of any kind or character in and to the property and assets of the partnership it was by said instrument assigned and transferred to appellant. If appellee had no interest he conveyed nothing but he is, by such instrument, forever estopped to thereafter claim any interest in the partnership assets. The terms herein used are analogous to those found in quitclaim deeds which are intended to convey whatever interest, if any, the grantor may have in the property conveyed. It is immaterial here whether the partnership in the instant case was a partnership at will or for a definite term. When partners dissolve the partnership relation, whatever its character, and put their agreement in writing, that writing measures the rights and obligations of the parties. 40 Am.Jur., Partnership, section 264 (p. 313); Hilton v. Hilton, 89 N.J.Eq. 182, 104 A. 375, L.R.A.1918F, 1174.

The contract of partnership expressly provided for its dissolution by mutual agreement. There can be no question but that the mutual promises of each partner to the other, in the instant case, furnishes adequate consideration to support the dissolution agreement. The cases are legion in support of this proposition. See footnote 8, 12 Am.Jur., Contracts, section 113 (p. 606) et seq. Incidental to the mutual promises of the parties to the dissolution agreement, rights acquired under the partnership agreement were surrendered by the appellee and the other partners withdrawing from the partnership and appellant had restored to him rights he had surrendered under said contract. By the dissolution agreement each of the partners including appellant revoked the agency of the other partners to further bind him by contract or otherwise in matters relating to the prosecution of the partnership business. Each of the retiring partners surrendered the right to draw $100 per week wages from the partnership for services rendered. All of the partners except appellant relieved themselves of any further losses occurring to the partnership after notice of dissolution to those with whom they were dealing at the time. They likewise sur-

320

rendered any rights to profits which might thereafter have been derived from outstanding contracts. The dissolution agreement here involved fixing the rights and obligations of all of the partners obviated the necessity of an accounting of partnership affairs. By its terms it fully settled all accounts between the partners. Settling the partnership accounts by mutual agreement prevented the necessity of incurring additional heavy expenses which would have been a charge against the partnership assets.

In seeking to recover from appellee his proportionate share of the losses as alleged in his cross complaint appellant by implication affirms the validity of the dissolution agreement in accomplishing the fact of dissolution but denies its validity as it affects the rights and obligations of the partners. It is the settled law of this state that one partner cannot sue another partner at law until after a dissolution and a full accounting and balance has been struck between the partners. Bertozzi v. Collaso, 21 Ariz. 388, 188 P. 873, 21 A.L.R. 5; Boyle v. Webb, supra, and Jacob v. Cherry et ux., 65 Ariz. 307, 180 P.2d 217.

Without the necessity of resorting to the theory that the dissolution agreement here under consideration is a compromise agreement or that it amounts to an account stated as suggested by appellee we hold that such agreement is supported by adequate consideration to sustain its validity. Hence assuming that appellant may have

satisfactorily shown all of the facts of his avowal to be true the trial court correctly sustained appellee's objection thereto for the reason that such facts did not even tend to prove a failure of consideration as alleged.

Judgment affirmed.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.