468 P.2d 399

**Ralph CATRON, Appellant,**

v.

**Leon WATSON, Appellee.**

**No. I CA–CIV 966.**

Court of Appeals of Arizona,
Division 1,
Department A.
April 28, 1970.
Rehearing Denied May 15, 1970.
Review Denied June 9, 1970.

Byrne, Green & Ellsworth, by Peter C. Byrne, Yuma, for appellant.

Coffeen & Vance, by Arthur W. Vance, Jr., Yuma, for appellee.

DONOFRIO, Presiding Judge.

This is an appeal from a money judgment against the appellant (defendant) in an action brought by the appellee (plaintiff) to recover a share of partnership debts paid by the appellee.

The question to be determined is whether the trial court erred in not requiring that plaintiff first bring an action for account-

ing before proceeding to recover a money judgment.

Defendant was the owner of a liquor license and operator of a nightclub in Yuma. For several days he and the plaintiff who desired to go into business with him talked of joining together in a partnership. On May 3, 1965 they entered into a partnership agreement which was prepared by legal counsel. Each was to contribute an equal amount of money and to exert his best efforts in the business. They were to share equally in the losses and profits. The agreement provided that books of account were to be kept and that there would be an accounting of the business every six months, or sooner if desired. In the beginning the partners were quite active in their efforts to stimulate business, employing bands and other talent. In spite of their labors, however, the nightclub began experiencing financial difficulties and their relationship was terminated in May 1967. There was a conflict in the evidence as to when the partnership itself was actually dissolved. However, it is agreed that the two principal debts involved in the complaint were incurred prior to a dissolution of the partnership.

At this point, a sequence of pertinent events leading to the trial court's judgment would prove helpful.

Plaintiff filed a complaint in two counts. In Count I he alleged that a partnership was entered into on May 3, 1965 and that it was terminated on June 30, 1966; that during the partnership the parties became indebted to the bank on a promissory note which plaintiff had to pay; that the Internal Revenue Service collected by execution against plaintiff's bank account a certain sum due from the partnership for taxes; and that the losses were to be borne equally by the partners. Count II alleged that during the partnership defendant was charged with the management of the business and with the duty of making an accounting every six months; that the defendant mismanaged the partnership and

its funds and also failed to make any accounting. The prayer for money judgment in each count was for the same amount and represented defendant's one-half share of the bank note and tax payments. No accounting was urged.

To this complaint defendant filed an answer and alleged as a first defense that the complaint failed to state a claim upon which relief could be granted. Thereafter the answer joined issue on each of the counts, denying their allegations. Defendant also entered a separate defense, alleging that the parties dissolved the partnership and that the plaintiff agreed to take possession of the partnership assets and assume the payment of the note and taxes involved.

At the time of trial defendant moved for dismissal and for a ruling on whether or not plaintiff should bring an action for accounting. Plaintiff opposed the motion. It was denied by the court and the court proceeded to hear the evidence. At the close of plaintiff's case, and later at the close of all the evidence, defendant renewed his motion to dismiss. After receiving all the evidence the court made an order that there was no proof of wrongdoing on the part of defendant and dismissed Count II, and took Count I under advisement.

The court rendered its decision on Count I, finding that defendant failed to prove his separate defense, to-wit: that plaintiff agreed to take possession of the partnership assets and assume all the debts. It found in line with plaintiff's version that when the partnership was losing money the parties agreed that plaintiff would take over the business and endeavor to pay off the debts without releasing the defendant from any of the debts. The court then undertook to render a judgment by placing a value on the partnership assets received by plaintiff which was offset against the debts for which plaintiff sought payment. We quote the court's final tabulation contained in its

134

decision which formed the basis of the judgment:

| | |
|---|---|
| "Paid on note | $1053.77 |
| Final payment of note from business | 750.00 |
| Cabaret tax, penalty and interest | 1974.09 |
| TOTAL | $3777.86 |
| Less assets taken over | 500.00 |
| Net | 3277.86 |

Plaintiff may thereafter have judgment on count one for one-half that amount of $1638.93 upon presentation and signing of a formal judgment. Count 2 is dismissed."

Plaintiff argues that because of the manner in which the partners conducted their business, the accounting of sorts made at the trial was fair and adequate and that he was within his rights to bring the action against his copartner for contribution.

From the beginning defendant (appellant) urged dismissal on the grounds that plaintiff was seeking a money judgment without first having an accounting. We believe the trial court was in error in denying defendant's motion. ·

In Arizona, generally, the only action which will lie between copartners in regard to partnership business is an action for accounting. In Jacob v. Cherry, 65 Ariz. 307, 180 P.2d 217 (1947), the Supreme Court stated:

"The first count of the defendants' cross complaint is an action by one who alleges himself to be a partner against one whom he claims is his copartner, based upon an oral partnership agreement, wherein the cross complainants (the defendants) seek a money judgment rather than an accounting. As such, it does not state a cause of action and should have been dismissed by the trial court, if necessary on its own motion, inasmuch as the cross defendant did not attack its sufficiency. This, for the reason it is the general rule that the only action under circumstances such as these, that will lie between copartners in regard to partnership business is an action for an accounting. * * *" 65

Ariz. at 309, 310, 180 P.2d at 218.

Also in the case of Boyle v. Webb, 54 Ariz. 188, 94 P.2d 642 (1939), in reference to actions between partners, the Supreme Court said:

"It is well settled that 'an accounting and settlement between copartners is a condition precedent to an action by one against another upon partnership claims and transactions.' 47 C.J. 804, section 251. In Bertozzi v. Collaso, 21 Ariz. 388, 188 P. 873, 21 A.L.R. 5, this rule is stated to be the law." 54 Ariz. at 195, 94 P.2d at 645.

In the case of Pejsa v. Bridges, 69 Ariz. 315, 213 P.2d 473 (1950), the Supreme Court stated:

" * * * It is the settled law of this state that one partner cannot sue another partner at law until after a dissolution and a full accounting and balance has been struck between the partners. (citations omitted)." 69 Ariz. at 320, 213 P.2d at 476.

In Bohmfalk v. Vaughan, 89 Ariz. 33, 357 P.2d 617 (1960), the Supreme Court again reaffirmed the rule, stating that it is the general rule that one partner cannot sue the other at law as distinguished from an action in equity with respect to partnership transactions except after· a full accounting and balance has been had, and such action is on contract, and not ex delicto. This rule is particularly true under the facts of this case since the partnership agreement provided that upon dissolution the business was to be wound up, the debts paid, and any surplus divided between the parties. In such a situation, an accounting is also called for under the provisions of the Uniform Partnership Act, particularly A.R.S. §§ 29–218, 221, 222.

Under certain circumstances, a partner can sue his partner for his pro rata part of a firm indebtedness without an accounting. 68 C.J.S. Partnership § 116. See also Uniform Partnership Act, Title 29, A.R.S. One instance, as suggested by the plaintiff, occurs when there are no assets and only one liability. A second such situation

arises where, by his conduct, the defendant is precluded from setting up as a defense the lack of a settlement. We are, however, unable to find either of these instances present in the case before us. The partnership here from its inception was an active enterprise. The partners had an understanding that the plaintiff, who possessed some special talent in music, was to control the musical and entertainment aspects of the nightclub and that the defendant was to be the general manager. Several bands appeared at the nightclub. From June 1966 on, plaintiff said he continued the business for the purpose of winding it up. From these facts we cannot find conduct which would preclude an accounting to defendant.

The accountant testified that in preparing certain profit and loss statements he noticed that the business showed a gross of $45,000 during the first six months, with a loss of approximately $2,000, and that it also showed a loss of around $1,000 on a gross of $21,000 during the first half of 1966. Because the business always had assets, an accounting would not be precluded on the basis of an absence thereof.

There is considerable evidence to show that some books were kept, and there is no evidence that an accounting was not possible. The accountant testified that he prepared income tax returns and W–2 forms for the business. Significant in his testimony at the end of his direct examination is the following:

"Q * * * Have you ever—were you ever requested by either of these gentlemen to make up a general accounting for the partnership?

"A No, sir.

"Q Have you ever been requested by either gentleman to help them wind up the affairs of the partnership?

"A No, sir.

"Q Have you ever made an overall tax or bookkeeping study of the total period of the partnership, or any period of it, from May '65 until May '67?

"A None, other than what it took to make the tax returns, sir.

"MR VANCE: All right. I have no other questions."

Although the trial court endeavored to make the best accounting it could under the circumstances, it was not the accounting required by the facts and the law.

The trial court should have granted the motion to dismiss the complaint. This cause is remanded with instructions to vacate the judgment, enter such order of dismissal, and for such other and further proceedings not inconsistent with this opinion.

Reversed and remanded.

STEVENS, J., concurs.

JACOBSON, Judge (specially concurring).

I concur with the majority of this Court that this case must be reversed. I am unable, however, to concur in the reasons reached by a majority of this Court in arriving at that decision or the disposition after reversal.

In addition to the facts set forth in the majority opinion, the following facts are necessary:

In June of 1966, when the plaintiff took over the active management of the partnership business, he informed his accountant that the partnership had been terminated and that he was operating the business as a sole proprietorship. Pursuant to this instruction his accountant prepared a final partnership return as of July 1, 1966, and transferred the inventory value of the stock-in-trade from the partnership books to the plaintiff's individual account, showing the transaction as a sale by the partnership. In the latter half of 1966 the former partnership business showed an operating loss which plaintiff's accountant duly set off against the operating profit of plaintiff's mattress business. In May of 1967 plaintiff voluntarily closed the former partnership business and, after the business had been closed for approximately two weeks,

informed defendant that he was terminating the business's lease. At this time defendant paid to plaintiff the sum of $480.00 as a purchase of the stock-in-trade and various fixtures in the business which plaintiff claimed were his sole property. At this time plaintiff had paid the disputed bank loan, but no demand was made on the defendant to contribute his proportionate share of this indebtedness. Only after May of 1967, after defendant had been operating the business for some period of time and plaintiff's bank account was attached by the Internal Revenue Service, did this action between the parties ensue.

The majority opinion would reverse in this matter based upon the principle of law that an action between partners would not lie at law without first an accounting having been struck between them. As a general proposition I do not agree that, at least in the State of Arizona, this should be the law. This common law principle is founded primarily upon two common law concepts: (1) That an accounting could only be had in a court of equity and that therefore an action based upon debts between partners cannot be instituted in a court of law because an accounting is necessary to show the amount of the debt, if any, Bailey v. Starke, 6 Ark. 191 (1845); Weidig v. Moore, 11 Ohio Dec. 83 (Common Pleas 1890); Boehme v. Fitzgerald, 43 Mont. 226, 115 P. 413 (1911); and (2) That at common law the liabilities of partners were joint only and therefore a suit by one partner against another would result in a suit against himself. Kalamazoo Trust Co. v. Merrill, 159 Mich. 649, 124 N.W. 597 (1910).

Arizona has eradicated both of these common law theories. In Arizona the distinction between courts of chancery and law has been abolished. Ariz. Rules of Civil Procedure, Rule 1, 16 A.R.S. (1956); Manor v. Stevens, 61 Ariz. 511, 152 P.2d 133 (1944); Claypool v. Lightning Delivery Co., 38 Ariz. 262, 299 P. 126 (1931); Rees v. Rhodes, 3 Ariz. 235, 73 P. 446 (1890). Moreover, the Arizona Uniform Partnership Act has changed the common law liability of partners from that of joint liability only to liability both joint and several. A.R.S. § 29–215 (1956).

The substance of the rule having been removed in Arizona, we should no longer be required to do worship to the empty form. This is especially true under the liberal pleading rules of the Arizona Rules of Civil Procedure. (See Rule 18(b) "Joinder of Remedies" Rules of Civil Procedure). Admittedly, a plaintiff-partner would not be able to collect against his defendant-partner until he had in essence proved by a proper accounting that a debt was due him. However, I would view this problem as a matter of proof of the debt rather than an impairment to his right to maintain the action in the first instance. I am more than aware that the Arizona Supreme Court has spoken on this issue and this Court has no jurisdiction to over-rules these prior decisions. By comparison of facts and rulings, it is possible to reach a conclusion that these prior decisions were not applicable to this case and it could be demonstrated that, at least since 1950, these pronouncements were merely dicta. However, since a more basic reason exists for a reversal in this matter, there is no necessity to engage in these judicial gymnastics.

A reading of the transcript clearly shows there is no reasonable basis in the evidence to support the trial court's judgment.

As indicated by the facts in both the majority opinion and in this concurring opinion, the partnership between the parties terminated in June of 1966. In fact, plaintiff's complaint alleges this to be the case. The only evidence that plaintiff was continuing the business for the purpose of winding up the affairs of the partnership comes from the mouth of the plaintiff himself. His actions, however, belie his words.

There is no evidence at all that plaintiff took any actions consistent with winding up the affairs of the partnership. On the contrary, the evidence is uncontradicted that plaintiff took over and operated the business after June, 1966, as a sole pro-

prietorship—he informed his accountant to prepare a final partnership tax return, he took the business loss as an offset against his own personal income, he closed the business entirely when it was apparent it was uneconomical to remain open, he informed the landlord that he was terminating the business lease, and then after the business had been closed he sold the stock-in-trade and fixtures as his sole property back to his former partner. After June of 1966, he kept no partnership books, he made no partnership tax returns, and he made no final partnership accounting of the business nor made demand upon his former partner for contribution at the time of sale to that former partner.

To me the conclusion is inescapable that defendant's affirmative defense, that is, that in fact a balance had been struck between the parties in June of 1966 whereby plaintiff took the assets of the business along with the liabilities and defendant was released therefrom, is correct.

For the foregoing reasons, I would reverse the judgment of the trial court with instructions to enter judgment in favor of the defendant.