585 P.2d 264

**Glenn L. CLARK and Annalea Clark, husband and wife, Appellants,**

v.

**Dale EDRIS and Mary Ann Edris, husband and wife, Appellees.**

**No. 2 CA–CIV 2730.**

Court of Appeals of Arizona, Division 2.

Sept. 18, 1978.

Knez & Glatz, P. C. by Nick Knez, Tucson, for appellants.

Lieberthal & Kashman, P. C. by David H. Lieberthal, Metcalf & Halladay, P. C. by Harold B. Metcalf, Jr., Tucson, for appellees.

## OPINION

HATHAWAY, Judge.

Appellees filed an action against appellants in Pima County Superior Court to dissolve a public accounting partnership between the parties, for an accounting and for other relief in winding up the partnership. Appellants answered admitting the partnership and counterclaimed in three counts. Upon appellees' motion, all three counts of the counterclaim were dismissed for failure to state a claim and this appeal is taken from that order of dismissal.

Appellants question on appeal whether an action by a partner will lie before or simultaneously with an accounting (1) on a claim "which is not connected with the partnership business"; (2) for breach of the partnership agreement; (3) for conversion of partnership assets. In considering the first question, the general rule is that the only action which will lie between co-partners in regard to partnership business is an action for accounting. *Jacob v. Cherry*, 65 Ariz. 307, 180 P.2d 217 (1947); *Catron v. Watson*, 12 Ariz.App. 132, 468 P.2d 399 (1970). Appellants contend, however, that paragraph V in Count One of their counterclaim does not come within the general rule. They point out that matters outside the partnership may be resolved independently thereof and need not precipitate a winding up of partnership affairs, as articulated in 68 C.J.S. Partnership § 114 at pages 556–557:

"Partners can sue each other at law on claims growing out of transactions which are not connected with the partnership business, just as though they were strangers to the partnership relation, even though an action for partnership accounting is pending between the parties.

*Loans or advances* made by one partner to another may be recovered in an action at law between the partners, although no previous accounting is had, even though the borrower intends to put the money into the firm and does so; but advancements constituting a loan from a partner to the firm or from the firm to a partner are not such independent transactions as will support an action at law prior to a settlement of partnership affairs." (Footnotes omitted) (Emphasis in original)

Examination of the record discloses that a portion of Count One of appellants' counterclaim is indeed directed to the allegedly unpaid balance owed to the appellants on appellees' buying into the business. That portion of Count One should not have been dismissed. An action at law by one partner against another will lie for breach of the partnership agreement if damages

**246**

resulting from the breach belong exclusively to the partner, and not to the firm, and can be assessed without taking any account of partnership business. *Johnson v. Steward,* 397 P.2d 907 (Okl.1964); 68 C.J.S. Partnership § 111 at page 555. Also, see, *Birkemeier v. Orino,* 168 Or. 385, 123 P.2d 185 (1942).

Appellants next ask:

"Will an action by one partner against his co-partner lie for the breach of the terms of a partnership agreement entered into between the parties at the time the partnership commenced, prior to an accounting and settlement between the partners, and was it error for the court to dismiss appellant's counterclaim for a breach of the partnership agreement by appellee as alleged by appellant in his counterclaim on a motion to dismiss such part of appellant's counterclaim?"

▮ We find this portion of appellants' appeal confusing in that it appears to be directed to Count Two of the counterclaim which seeks dissolution of the partnership and possibly paragraph VI of Count One dealing with transactions arising out of partnership affairs. In either event, those portions of the counterclaim were properly dismissed as premature, since an action by a co-partner growing out of partnership transactions will not lie until the business is wound up and accounts settled. *Pejsa v. Bridges,* 69 Ariz. 315, 213 P.2d 473 (1950); *Jacob v. Cherry, supra; Boyle v. Webb,* 54 Ariz. 188, 94 P.2d 642 (1939); *Bertozzi v. Collaso,* 21 Ariz. 388, 188 P. 873 (1920). The only action which lies between partners in regards to partnership business is an action for accounting. *Miner v. Rogers,* 115 Ariz. 463, 565 P.2d 1324 (App.1977). Likewise, Count Three of the counterclaim was properly dismissed as premature.

We have limited our review to the record and to the issues before the trial court and decline to consider matters appellants raise for the first time on appeal, i. e., depositions not before the trial court and questions of permitting amended counterclaims.

That portion of Count One of the counterclaim directed to the allegedly unpaid balance owing on appellees' buying into the business is ordered reinstated. The order dismissing appellants' counterclaim is otherwise affirmed.

HOWARD, J., and LLOYD FERNANDEZ, Superior Court Judge, concur.

NOTE: Chief Judge JAMES L. RICHMOND having requested that he be relieved from consideration of this matter, Judge LLOYD FERNANDEZ was called to sit in his stead and participate in the determination of this decision.