[Civil No. 1363.   Filed June 4, 1914.]

[141 Pac. 117.]

## FIDELITY TITLE GUARANTY COMPANY, Appellant, v. J. RUBY, Appellee.

1. BILLS AND NOTES—ACTIONS—DEFENSES.—The same defenses which are available against the original party to a note are open to the maker as against one not a *bona fide* purchaser for value without notice before maturity.

2. BILLS AND NOTES—ACTIONS—DEFENSES—PLEADING.—Under Civil Code of 1913, paragraph 476, subdivision 9, an answer alleging that the note in suit was without consideration must be verified by affidavit.

3. EVIDENCE—PAROL EVIDENCE TO VARY WRITTEN INSTRUMENT.—Where a note was given to the payee under an agreement that it should not become effective until the happening of a certain contingency, but should merely be a memorandum of a debt due from the maker, parol evidence, in an action upon the note, is admissible to show want of consideration and that the instrument had never become effective.

[As to parol evidence to vary written agreement, see note in 56 Am. St. Rep. 659.]

APPEAL from a judgment of the Superior Court of the County of Yuma. Frank Baxter, Judge. Modified and Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellant commenced this action against the appellee to recover judgment upon the following instrument in writing:

"Yuma, Arizona, April 22, 1911.

"One year after date for value received will pay to Jose Asencio the sum of three hundred and no/100 dollars ($300.00).

"J. RUBY."

It is alleged in the complaint that said instrument was sold and assigned to the plaintiff August 24, 1913, for a valuable consideration, and that the plaintiff is the owner and holder thereof, and that the same, with interest, is due and unpaid, and demand for payment has been made.

The defendant by a verified answer, among other defenses, not pressed, "avers that he did not receive the consideration of $300 therein mentioned, and in said instrument specified, nor any part thereof, nor any consideration whatsoever or at all therefor, either from said Jose Asencio, or from any other person for him, and further avers that said instrument sued on is wholly without consideration." As a further answer and defense, the defendant, relating the circumstances under which he made and delivered the instrument, says that in October, 1910, the defendant, with Jose Asencio and one Hueso, entered into a partnership agreement, by the terms of which they agree to lease for three years a tract of land and engage in farming the same. The defendant would contribute to the partnership the expenses required to open the land and conduct the business, and that the other partners would contribute their labor, and the defendant would dispose of the product, and the profits would be divided one-third to each member; that in pursuance to such partnership contract, a tract of land was leased from one Gordon, and the partnership business was commenced and prosecuted for about six months; whereupon, the partner Hueso became dissatisfied with the business and partnership arrangement, and the partnership was dissolved by mutual consent, by the withdrawal of Hueso. The partners appointed defendant their agent to dispose of the assets, consisting of the lease, horses, wagon, farming machinery and tools, and the growing crops. A sale was effected by him by selling the assets to the owner of the land, A. G. Gordon, on April 6, 1912, for the sum of $681. Gordon gave his note to defendant, due in six months from date, with interest at the rate of eight per cent, in payment therefor. Defendant paid Hueso the sum of $200, found due him. Asencio had a claim against defendant for wages of his wife amounting to $150. His said claim of $150 was paid, and defendant gave Asencio $50 in cash on his claim to the Gordon note; and the balance due him from said note it was agreed he would wait for until the Gordon note was paid. The balance so due Asencio was agreed to be the sum of $300. About April 22, 1911, "Asencio requested a memorandum of the amount to be paid him when the Gordon note was paid, which defendant gave to him, the same being the instrument sued on herein, but that said memorandum of $300 sued on

herein was given by this defendant to said Jose Asencio with the express understanding that the said sum of $300 expressed in said instrument would not be collectible from defendant until defendant collected the $681 from said Gordon on his note, and it was so agreed and understood by said Jose Asencio, and the said Asencio took said instrument from said defendant so written, and then and there, on accepting said instrument, promised and agreed to not ask for said sum of $300 or attempt to collect the same until the defendant collected the sum of $681 on the Gordon note.'' It is alleged that the Gordon note has not been paid.

Upon a trial had before the court without a jury, the plaintiff introduced the defendant and proved his signature to the instrument, and offered the instrument, all of which was received. The plaintiff then proved the signature of Jose Asencio, and offered the following written assignment:

"San Pedro, California, Aug. 24, 1913.

"For value received I hereby assign the promissory note of April 22, 1911, dated at Yuma, Arizona, executed by J. Ruby to me for the sum of $300.00, to Fidelity Title Guaranty Company and the money due hereon.

"JOSE ASENCIO."

Testimony was offered and received tending to prove that the amount due had not been paid. Whereupon the plaintiff rested.

The plaintiff objected to the introduction of any testimony by the defendant, for the reason that the answer does not state facts sufficient to constitute a defense to the action. This objection was overruled. The defendant, in support of his answer, offered parol evidence tending to prove the facts and circumstances leading up to the making of the instrument and the agreement and understanding of the parties pursuant to which the instrument was delivered to Asencio. To all of which plaintiff objected, upon the grounds that the evidence so offered tends to vary the terms of the written contract. The objection of plaintiff to such evidence was overruled. Plaintiff offered no evidence in rebuttal. Judgment was entered dismissing the action and for the defendant for costs.

The appellant assigns as error the order of the court overruling plaintiff's objection to the defendant's offer of any evidence in support of his answer, for the reason such answer

fails to state facts sufficient to constitute a defense to the action; that the court erred in receiving parol evidence varying the terms of the written contract; that the court erred in admitting evidence contradicting the allegations of defendant's answer; that the court erred in finding as a fact that the written instrument sued on was without consideration in contradiction to the allegations of the answer.

Mr. Thos. D. Molloy, for Appellant.

Messrs. Wupperman & Wupperman, for Appellee.

CUNNINGHAM, J.—This action was commenced by the appellant as the holder for collection of the written instrument in suit. It acquired such instrument for the purpose of collection and suit on August 24, 1913, and after maturity, as appears from the face of the instrument. The defenses that may be interposed as between the original parties to the instrument are open to the maker in this action, for the reason the plaintiff is not shown to be an innocent holder for value before maturity, nor a holder without notice of such defenses. It is charged with notice of all facts connected with the transaction of which its principal, the promisee, had notice, or was charged with notice when he received the instrument.

The plaintiff assigns as error the order of the court overruling its objection to the introduction of any evidence by the defendant tending to support the allegations of his answer, for the reason such answer fails to set forth any defense. The answer sets forth that the written instrument upon which the action is founded is without consideration. The answer was verified by the defendant. Such answer may be so made by the express terms of paragraph 1358, subdivision 10, Revised Statutes of Arizona of 1901, now appearing as paragraph 476, subdivision 9, Civil Code of Arizona of 1913. At the stage of the trial when the objection was made the objection was without merit. Without a doubt the answer set forth a defense in the particular that the instrument sued upon was without consideration, and defendant was entitled to support that defense by proof.

The further complaint is made that the court erred in admitting parol evidence, over the objection of plaintiff, tending

to vary and contradict the terms of the written instrument in suit, as to the time of the payment of the sum of money mentioned therein, by the introduction of evidence of a parol, contemporaneous, verbal agreement which tends to vary and contradict the terms of such written instrument. This raises the principal question involved in the case, and its solution disposes of the controversy.

The evidence admitted of which appellant complains tends to support the allegations of defendant's special answer. In brief, that part of the answer sets forth the facts and circumstances of the transaction leading up to, and resulting in, the execution of the instrument, and sets out the verbal agreement of the parties thereto, pursuant to which such instrument was delivered to the possession of the promisee. The objection to the introduction of such evidence had the effect to question the sufficiency of such answer to assert a defense, and we so consider the question.

Asencio received the instrument as a memorandum of the balance due him, with the verbal agreement and understanding had with Ruby at the time of such receipt of the instrument that it was not payable by Ruby, the defendant, until the partnership note was collected by Ruby. This was, in brief, the defense interposed to which the alleged objectionable evidence tended to, and did, substantially establish. The question is: Did the instrument, by reason of the fact that it was placed in the promisee's possession by the promisor, become a present, unconditional obligation of Ruby to pay according to its terms, notwithstanding the contemporaneous agreement and understanding that it was not such obligation until the partnership note was collected?

It is nowhere denied that Ruby signed his name to the instrument; in fact, he wrote the instrument in suit, and so testified. His contention is that the Gordon note has not been collected and is still owing, and that this instrument is not payable until the partnership, or Gordon, note is collected, and therefore upon no other condition is this instrument binding.

This question was before the court in *Burke v. Dulaney,* 153 U. S. 228, 38 L. Ed. 698, 14 Sup. Ct. Rep. 816, wherein the parties were the original parties to the instrument in suit. Justice HARLAN, speaking for the court, in an able opinion

refers to and explains *Burnes* v. *Scott,* 117 U. S. 582, 29 L. Ed.
993, 6 Sup. Ct. Rep. 865, wherein the same question was in-
volved in a suit between the indorsee and maker of a negoti-
able promissory note, saying:

"The rule is settled that a negotiable instrument, in the
hands of an innocent holder for value, cannot be contradicted,
to his prejudice, by evidence of an oral agreement or under-
standing between the original parties variant from the terms
of their written contract. . . . The issue here is between the
original parties to the note.   And the evidence offered by the
appellant, and excluded by the court, did not in any true sense
contradict the terms of the writing in suit, nor vary their
legal import, but tended to show that the written instrument
was never in fact, delivered as a present contract, uncondi-
tionally binding upon the obligor according to its terms from
the time of such delivery, but was left in the hands of
Dulaney, to become an absolute obligation of the maker in the
event of his electing, upon examination or investigation, to
take the stipulated interest in the property in question.   In
other words, according to the evidence offered and excluded,
the written instrument, upon which this suit is based, was
not—except in a named contingency—to become a contract,
or a promissory note which the payee could at any time right-
fully transfer.   Evidence of such an oral agreement would
show that the contingency never happened, and would not
be in contradiction of the writing.   It would prove that there
never was any concluded, binding contract entitling the party
who claimed the benefit of it to enforce its stipulations.   The
exclusion of parol evidence of such an agreement could be
justified only upon the ground that the mere possession of a
written instrument, in form a promissory note, by the person
named in it as payee, is conclusive of his right to hold it as
the absolute obligation of the maker.   While such possession is
undoubtedly *prima facie*—indeed, should be deemed strong—
evidence that the instrument came to the hands of the payee
as an obligation of the maker, enforceable according to its
legal import, it is open to the latter to prove the circum-
stances under which possession was acquired, and to show that
there never was any complete, final delivery of the writing
*as the promissory note of the maker,* payable at all events
and according to its terms.   The rule that excludes parol

evidence in contradiction of a written agreement presupposes the existence, in fact, of such agreement at the time suit was brought. But the rule has no application if the writing was not delivered as a present contract.''

In support of this holding a number of cases are cited with comment, all sustaining the position. The reasons for the rule and the justness of it are beyond question.

The answer under consideration brings this case squarely within the rule stated, and the evidence shows that there never was any complete, final delivery of the writing as the promissory note of the maker, Ruby, payable at all events and according to its terms, for the reason it was made as a mere memorandum of the balance Asencio was entitled to receive when the Gordon note was paid to Ruby, and was delivered as such with the understanding of the parties that it should be payable when the Gordon note was paid, and in no other event. So considered, the court was entirely correct in receiving parol evidence in support of this defense. The contention of appellant that the court erred in admitting the evidence tending to show the parties agreed that this note was not payable until the Gordon note was paid cannot be sustained. The evidence of the defendant is sufficient to sustain the defense pleaded, and is sufficient to support the judgment dismissing the action. In abundance of caution the judgment should be modified, however, so as to conform to the nature of the case proved. It is shown by the evidence that the instrument was intended to become a binding obligation upon the maker when the Gordon note is paid, and such it must remain.

The judgment is modified so as to dismiss this action without prejudice, and, as modified, the judgment is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

Application for rehearing denied.