[Civil No. 2796. Filed October 14, 1929.]

[281 Pac. 216.]

G. R. NEIL, Appellant, v. W. E. TULEY, Appellee.

See Evidence, 22 C. J., sec. 1669, p. 1255, n. 53.

Mr. Louis L. Wallace and Mr. Charles P. Elmer, for Appellant.

Mr. E. Elmo Bollinger, for Appellee.

LOCKWOOD, C. J.—W. E. Tuley, hereinafter called plaintiff, brought suit in the superior court of Mohave county against G. R. Neil, hereinafter called defendant, on a number of promissory notes executed

by the latter in favor of the former. The case was tried to the court, which rendered judgment in favor of plaintiff, and from this judgment an appeal was taken.

There are some eleven assignments of error, and plaintiff urges that under the rules and decisions of this court they are, with the possible exception of assignment No. 3, too vague and insufficient to raise any question for our consideration. In view, however, of our opinion as to the only legal question involved on the merits, we shall assume the assignments are sufficient.

The complaint is in the ordinary form for a suit on promissory notes. The answer admits the making of the notes, but sets up as a special defense that defendant employed plaintiff to work for him in a certain mine and that it was agreed that at the end of each month the latter should be given credit for his work at the agreed price; that from such credit should be deducted the value of any supplies furnished or money paid to him; and that "as a memorandum and to avoid bookkeeping defendant would execute notes for such balance and deliver the same to plaintiff, subject to express understanding and agreement that such note or notes or unpaid balances should and would not become due and payable or be presented to defendant for payment until such time as defendant might make and consummate a sale of his mining properties, or receive funds over and above cash outlays from the sale of ores mined therefrom, sufficient in amount to pay plaintiff such balance." There was an allegation that no sale of the properties had been made, nor had sufficient funds been received from a sale of ores to pay the notes. The trial court refused to admit oral evidence to show any agreement such as that pleaded by defendant on the ground that it would be in violation of the parol evidence rule, and the questions raised by the

assignments of error, though differing in detail, are all in effect based on the theory that under the defense pleaded as above defendant was entitled to show such alleged agreement by parol. The sole question for our consideration, therefore, is whether defendant was entitled to make such a showing.

It is strenuously urged by counsel for defendant that a defense of this nature is an exception to the parol evidence rule, and in support thereof he cites the case of *Fidelity Title Guaranty Co.* v. *Ruby,* 16 Ariz. 75, 141 Pac. 117, and *Hammons* v. *O'Brien,* 32 Ariz. 436, 259 Pac. 881, as well as many others from different jurisdictions. Counsel for plaintiff does not dispute the correctness of the decisions in those cases, but claims that the facts in each one show clearly that the exception to the parol evidence rule, properly applied therein, does not cover a situation such as appears from the uncontradicted evidence in the case at bar. His position, briefly stated, is that the exception does not apply where the failure of the condition on which the notes were to be paid does not in any way affect the real consideration for which they were given.

On an examination of the various cases cited by counsel, and others to which they have not referred, we are of the opinion that the position of plaintiff is sound. In the case of *Fidelity Title Guaranty Co.* v. *Ruby,* cited above, it appears that the failure of the contingency on the happening of which alone it was alleged the note was payable did in effect destroy the true consideration for which it was given, while in the case of *Hammons* v. *O'Brien, supra,* under no contingency was the note to be an obligation of the maker. In the case at bar there is no dispute that the payee had given full consideration to the maker for the amount set forth in the notes, and that the latter had agreed to pay that sum, the sole defense being that it was to be paid only when the maker had

received funds enough to do so from a particular source. In the very recent case of *Albert Steinfeld & Co.* v. *Tew, ante,* p. 147, 274 Pac. 1047, 1049, the defense was that it had been agreed the maker of the notes involved therein would not be required to pay them unless he realized the money out of some mining claims which he hoped to sell, and that if the sale was not made the notes would not be sued on or considered of value. The trial court admitted parol evidence tending to establish this defense, substantially the same as that set up herein. In reversing the case for the erroneous admission of this evidence we said: "Neither from the answer nor the evidence does it appear that the delivery of the notes here was conditional or for a special purpose, but it does appear that such delivery was complete, and was made by the maker to the payee for the purpose of transferring the property in such notes; the only condition being as to the manner and source of obtaining the money with which to pay notes. Such a condition does not. bring these notes within the rule as stated in section 16 of the Negotiable Instrument Act." And we discussed and distinguished the case of *Fidelity Title Guaranty Co.* v. *Ruby, supra.* In the case of *Colvin* v. *Goff,* 82 Or. 314, L. R. A. 1917C 300, 161 Pac. 568, 572, the court quotes approvingly from Daniel on Negotiable Instruments as follows: "It has been held in a number of cases that a note may be delivered to the payee to take effect only upon a condition precedent, and that default in the fulfillment of such conditions may be shown by parol evidence, and will defeat recovery as between immediate parties. But unless the nonfulfillment of the condition goes to the failure of consideration this would seem to trench upon fixed principles of law. Evidence of want of consideration is admissible between original parties. 'Every bill or note imports two things: Value received, and an agreement to pay the amount on certain specified

terms. Evidence is admissible to deny the receipt of value, but not to vary the engagement.' '' On examination of the cases the large majority by their facts seem to support this statement of the law.

It may be claimed that it may be shown by parol evidence that it was never agreed the notes be paid, but that they were a mere memorandum of an already existing debt.

Of course, the defense of "no contract" may be made under proper pleadings, but the allegation of the answer herein is that there was an execution and unconditional delivery of the notes as a valid obligation. The oral agreement pleaded claims merely, as in *Albert Steinfeld & Co.* v. *Tew, supra,* that they were not to be paid until the happening of a certain contingency; the language that they were made ''as a memorandum of such indebtedness and to avoid bookkeeping,'' taken together with the remainder of the answer, being only a statement of why the open account was changed to notes, and not a denial of the unconditional delivery of the latter.

Since the failure of the contingency pleaded in the affirmative defense did not affect the consideration for which the notes in question were executed and unconditionally delivered, the trial court did not err in rejecting parol evidence tending to show they were not to be paid until the happening of that contingency.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.