[Civil No. 3147. Filed March 21, 1932.]

[9 Pac. (2d) 196.]

BERT HOOPES, Appellant, v. L. F. LONG and J. A. JACOBSON, Appellees.

Mr. Charles L. Rawlins and Mr. George H. Rawlins, for Appellant.

Mr. Jesse A. Udall and Mr. J. Verne Pace, for Appellees.

LOCKWOOD, J.—Bert Hoopes, hereinafter called plaintiff, brought suit against L. F. Long and J. A. Jacobson, hereinafter called defendants, on two promissory notes, each one in the sum of $1,250. The complaint, which is in two counts, follows the usual form for actions on such instruments. Defendants answered, admitting the making and delivery of the notes, and setting up the following defense:

"Defendants allege that said note was made and delivered by defendants to plaintiff for and in consideration of a certain Lease Agreement on real estate in Safford, Graham County, Arizona, which said Lease is in words and figures as follows, to wit:

"Lease.

"This indenture, made this 21st day of January, 1929, by and between Bert Hoopes, of Safford, Graham County, Arizona, party of the first part and hereinafter called Lessor, and J. A. Jacobson and L. F. Long, parties of the second part hereinafter called Lessee, witnesseth.

"The party of the first part in consideration of the covenants and payments of the parties of the second part, hereinafter set forth, does by these presents lease to the second parties, Lessee, the following described property, to-wit:

"The Parnassus Theater Building, situated on Lots 11 and 12, in Block 45, in the Townsite of Safford, Graham County, Arizona. Together with the appurtenances thereunto belonging.

"To have and to hold the same to the Lessee from the 21st day of January, 1929, to the 21st day of January, 1934.

"The Lessee in consideration of the leasing of the said premises as above set forth, covenants and agree— with the Lessor, to pay the said Lessor as rent for the same, the sum of Twenty-thousand four hundred & No/100 ($20,400.00) Dollars, as follows, the Lessee will pay to the Lessor the sum of Three hundred Twenty-five & No/100 ($325.00) Dollars on the

signing of this Lease, and will pay to the Lessor the sum of Three hundred Twenty-five & No/100 ($325.00) Dollars on the twenty-first day of February, 1929, and three hundred twenty-five & No/100 Dollars on the 21st day of each and every month thereafter until the Lessee has paid to the Lessor twenty-four monthly payments of Three hundred twenty-five dollars each, and on the twenty-first day of the following month after the completion of the aforesaid payments, the Lessee will pay to the Lessor the sum of Three hundred fifty & No/100 ($350.00) Dollars, and will, on the 21st day of each and every month thereafter pay a like sum of Three Hundred fifty dollars to the Lessor until the completion of the Five-year term of this contract of lease.

"The Lessee further agrees to pay to the Lessor the sum of twenty-five hundred ($2500.00) Dollars, evidenced by two promissory notes of twelve hundred fifty & No/100 ($1250.00) Dollars each payable one and two years after date hereof respectively, with interest thereon from the date hereof until paid at the rate of eight per cent per annum, interest payable annually.

"It is further agreed that the Lessee will assume the Picture Contracts that have been entered into by J. M. Pierce for the Parnassus Theater, and will also assume the contracts of payment on the furniture and fixtures, now in the Parnassus Theater building. The payments, and assumption of the contracts by the Lessee to be in addition to the monthly rental payments herein specified.

"The Lessee further agree—, commencing March 1st, 1929, to operate said Theater, and show moving pictures therein, and keep the same open to the Public at least three nights in each and every week, during the whole term of this Lease, and further agree— to show pictures equal in price to those used and shown in the Safford Theater.

"The Lessor agrees to furnish adequate cooling and heating system, in said building if the present system proves inadequate, to the extent that the Lessor will if necessary expend a sum not to exceed Twenty-five hundred dollars for that purpose, the Lessor is to have a lien upon the equity as accumu-

lated on the furniture and fixtures, and at the expiration of the term of this lease, all furniture and fixtures *is* to be the property of the Lessee. . . . (End of lease.)

"That said lease is wholly invalid and without force or effect. That notwithstanding this fact the defendants complied with the terms of said lease on their part to be performed. That plaintiff disregarding said lease, failed and refused to comply with the conditions of said lease on his part to be performed. That by reason of said invalidity of said lease and the failure of plaintiff to comply with the terms of said lease, the said property was rendered unsuitable for the purpose for which it was leased. That said lease was cancelled and terminated; that defendants have received no consideration whatever for said note."

We have omitted the portions of the lease not pertinent to the issues herein. The answer to the second count was identical in substance with the first one. The case was tried before a jury, which returned a verdict in favor of defendants, and after the usual motion for a new trial was overruled, plaintiff appealed.

There is but one real question for us to consider, and that is as to whether or not certain oral testimony on behalf of defendants was admissible under the issues made by the pleadings. The undisputed facts show that the notes sued on and the lease set up in defendants' answer were executed practically simultaneously. Defendants went into the possession of the theater described in the lease and occupied it for some eleven months, paying the monthly rent set forth in the lease. At the end of this time the premises were surrendered to plaintiff and defendants repudiated any further liability under the lease. It also appears from the testimony of defendants that some time after their taking possession of the premises it appeared that the cooling and heating system of the theater building was unsatisfactory, and that

for a considerable time they urged upon plaintiff that he remedy this defect in accordance with the provision of the lease. He, however, while admitting the inadequacy of the system, for various reasons failed to put it in shape satisfactory to defendants, and it was primarily as a result of this failure that defendants surrendered the premises to plaintiff as aforesaid after about eleven months' possession.

It was the contention of defendants, and they offered oral testimony to prove such to be the fact, that at the time the lease and notes were executed, it was mutually agreed between the parties that the notes were given to reimburse plaintiff if he put in a new cooling and heating system, and that because he had failed to do this they were without consideration. Plaintiff objected most strenuously in every manner and at all times to the introduction of any parol evidence tending to show this alleged oral agreement. The real question is, therefore, Was such evidence admissible under the pleadings and issues as they appear of record?

Section 2360, Revised Code of 1928, reads as follows: "Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense to the extent of the failure, whether ascertained and liquidated, or otherwise." It is obvious that under its provisions three defenses may be made against a promissory note in the hands of a holder not in due course: (a) Want of consideration, (b) total failure of consideration, and (c) partial failure of consideration. The answer in this case pleads first that the lease was the consideration for the notes, and then that there was no consideration for them. Both the body of the complaint and the language of the lease set forth therein show affirmatively that the lease itself was the consideration for the notes. An executory agreement to do a thing having a pecuniary

value is always a good consideration for a contract, whether it be a negotiable instrument or otherwise. 8 C. J. 229. Defendants, it is true, alleged "that said lease is wholly invalid and without force or effect." This, however, is but a conclusion of law, and is not supported by any allegation of facts showing such invalidity, and the lease agreement on its face shows nothing amiss. In addition, the evidence of defendants themselves shows conclusively that they went into possession of the premises under the lease and occupied them, paying the rent stipulated for eleven months, and finally repudiated it, not for any defect in the lease, but for failure of plaintiff to perform a covenant to repair. We are of the opinion that neither the pleadings nor the evidence support the conclusion that there was no consideration for the notes.

The further allegations of the answer, however, are that the defendants complied with the terms of the lease, but that the plaintiff did not comply with the conditions agreed by him to be performed, and that by reason of said failure the property was rendered unsuitable for the purpose for which it was leased. The only condition in the lease which plaintiff promised to perform was that he would furnish an adequate cooling and heating system for the building "if the present system proved inadequate." This is on its face a condition subsequent, and not a condition precedent, being in effect a covenant to repair in a certain specified manner. If the plaintiff failed to perform such a condition subsequent and the premises were thereby rendered unfit for the use to which it was agreed they were to be put, it would amount to a constructive eviction and defendants might, by abandoning the premises, declare the lease at an end, and in such case might follow one of the remedies given by law for an eviction, generally an action for damages, although there might be an action for

breach of covenant or a set-off against a landlord's action for rent. 36 C. J. 274.

Or they might, as against this action, have set up a partial failure of consideration in that the landlord had evicted them, when the lease had four years yet to run. They, however, did not resort to any of such courses, but took the position that they could show by parol evidence that the real consideration for the notes in question was not the lease itself, as they allege in their answer, but that they are based solely on the conditional covenant of the landlord set forth in the lease to provide a new cooling and heating system if the one then in the building should prove inadequate, and were to be paid *only* if such cooling and heating system were actually installed. This is in effect to make a promissory note, unconditional on its face, payable on a condition which is provable by parol only. The overwhelming weight of authority forbids this. *Steinfeld & Co.* v. *Tew,* 35 Ariz. 147, 274 Pac. 1047; *Murphy* v. *Craig,* (C. C. A.) 28 Fed. (2d) 963; 22 C. J. 1152, note 7.

Appellees urge that this case falls within the rule laid down in *Burke* v. *Dulaney,* 153 U. S. 228, 38 L. Ed. 698, 14 Sup. Ct. Rep. 816, and *Fidelity Title Guaranty Co.* v. *Ruby,* 16 Ariz. 75, 141 Pac. 117. In those cases the defense pleaded was that the notes were never delivered as obligations of the signers, so that the contract was never entered into. In the present case the answer admits the execution and delivery of the notes and specifies their consideration as being the lease, and the latter document itself states that the consideration for the payment of the notes is the execution of the lease by the plaintiff. The cases relied on by appellees are not in point.

The judgment of the superior court of Gila county is reversed and the case remanded for a new trial.

McALISTER, C. J., and ROSS, J., concur.