[Civil No. 4072. Filed October 9, 1939.]

[94 Pac. (2d) 642.]

J. R. BOYLE, Appellant, v. CLAIRE N. WEBB, as Administratrix With the Will Annexed of the Estate of W. T. WEBB, Deceased, Appellee.

Messrs. Elliott & Glenn, for Appellant.

Messrs. Bilby & Shoenhair, Mr. Harold C. Warnock and Mr. Henderson Stockton, for Appellee.

Mr. Maurice Barth and Mr. Jacob Morgan, *Amici Curiae.*

ROSS, C. J.—This appeal presents questions of pleading and evidence.

The plaintiff, W. T. Webb, on January 7, 1938, commenced the action against defendant, J. R. Boyle, on a past-due promissory note for $12,825 and to foreclose on some shares of stock of the Seventy-Six Cattle Company, pledged by Boyle as collateral to the note.

Thereafter, and within the time fixed by law, the defendant filed an answer which, in effect, admitted the execution and delivery of the note to Webb but averred that at the time he and Webb were partners in the cattle business and that it was given with the agreement that it should be paid out of the profits of the business; that such partnership had not been dissolved and no settlement or accounting had been had between the partners. He prayed for an accounting of the partnership business and that any sum found due him from plaintiff be offset against his note. He

denied, on information and belief, that he ever pledged stock in the Seventy-Six Cattle Company to plaintiff.

There were other allegations in the answer which we do not recite, which may or may not have been material. We state enough of the answer to show that it was defendant's contention that the note grew out of the partnership between him and Webb, and that such partnership was still in existence and its business affairs had not been closed or an accounting had.

Upon the issues thus made the court, on April 19, 1938, the parties agreeing thereto, set the case for trial on May 16th before the court without a jury. Thereafter, an affidavit having been filed disqualifying the local judge, the Honorable JOHN WILSON ROSS, he vacated the setting for the 16th and, realizing that such vacation order was without jurisdiction, immediately vacated it, leaving the setting for May 16th. By mutual consent the Honorable C. C. FAIRES, Judge of the Superior Court of Gila County, was selected to try the case.

In the meantime, the defendant, on May 9th, filed an amended answer confining his defense solely to a plea in abatement, alleging as a ground therefor that at the time he gave plaintiff the note he and plaintiff were partners in the cattle business and that it was agreed between them that such note should be paid out of the profits of the business; that such partnership had not been dissolved but was still in existence and its accounts unsettled. It was alleged in the amended answer that a suit for dissolution of the partnership and for an accounting had been filed by defendant Boyle in Graham county, and the prayer was that the present action be abated.

The plaintiff demurred to the plea in abatement on the ground that defendant's answer to the merits waived such plea. The court sustained this demurrer. Thereafter defendant withdrew from the trial and the

192

plaintiff submitted his evidence to the court. The court rendered judgment for plaintiff as prayed, and defendant has appealed.

After the appeal was filed here, the death of Webb having been brought to the attention of the court, the administratrix of his estate was substituted as appellee.

■ The defendant contends it was error for the court to sustain the demurrer to his amended answer setting up the plea in abatement, whereas plaintiff takes the position that defendant waived the right to make such plea when he filed an answer to the merits. Generally, grounds for abatement include all objections not covered by pleas in bar, such as want of jurisdiction of the person, nonjoinder of parties, pendency of another action, incapacity to sue or maintain the action, infancy; that the action is prematurely brought, or that the right has not accrued at the commencement of the suit.

■ If the objection to the pleading appears on its face, it can be taken advantage of by demurrer or motion or the court may notice it of itself. If it does not appear on the face of the pleading, it must be raised by answer or plea in abatement. All these pleas, whatever they may be called, are known as dilatory pleas and do not go to the merits of the case. 21 R. C. L. 541, section 103. Defects of parties and other dilatory pleas under the statute may be waived, but, as said in *Cooper* v. *Holder,* 24 Ariz. 415, 210 Pac. 690, 692:

" . . . if the defect of parties plaintiff is shown upon the face of the pleading, it may be reached by demurrur; if not thus shown, by answer. If the objection is not raised in one of these ways, it shall be deemed waived."

See, also, *Oglesby* v. *Chandler,* 37 Ariz. 1, 288 Pac. 1034; *Young Mines Co., Ltd.,* v. *Citizens' State Bank,*

37 Ariz. 521, 296 Pac. 247; *Griffith* v. *State,* 41 Ariz. 517, 20 Pac. (2d) 289. The holdings in these cases, however, are not controlling here. In them there was no question of the right to amend the pleadings to cure the defects. Our statute on amendments reads:

"§ 3740. *Amendments.* All pleadings may upon leave of the court be amended at any time, upon such terms as the court may prescribe, or the same may be amended without such leave, not less than five days before trial, by serving the adverse party with a copy of such amended pleading." Revised Code of 1928.

 The defendant's amended answer setting up facts in abatement was filed seven days before the date of trial, and it was not necessary that he have leave of court to file it. In *Perrin* v. *Mallory Commission Company,* 8 Ariz. 404, 76 Pac. 476, 477, the defendant had filed as his answer a general demurrer to the complaint, and the question was whether he would be permitted thereafter to file an amended answer alleging matters of defense in bar of the action. It was said therein that our Code provisions as to the order of defendant's pleadings and concerning amendment of pleadings were taken from Texas and had, by the courts of that state, been construed and applied liberally in favor of the privilege of amending. We quote extensively from such opinion:

"We think the statute plainly contemplates that any amendment which, during the progress of the action, the court would have power to permit in furtherance of justice, may before trial be made by the party, as a matter of right, upon the service thereof as prescribed. It would also seem clear that if, as held in Texas, a new cause of action or defense may properly be introduced by amendment 'under leave of the court . . . before the parties announce themselves ready for trial,' there would be at least equal warrant for the same practice under a statute which permits amendments to be made 'before trial without such leave.'

The code provisions of the various states relating to amendments are far from uniform. There will, however, generally be found in them some limitation the effect of which operates to prevent any substantial change of the claim or defense. No such limitation is expressed in our statute, and we feel compelled, therefore, to give it the broad interpretation which its plain terms seem to require. As we have previously observed, the only pleading of the defendant under our Code is an answer. If the answer consists of but a demurrer, it is nevertheless an answer and a pleading. While the requirement is that the answer must contain all of the defenses, and in a certain order, it does not follow that, if there has been an omission in this respect, it cannot be remedied by amendment. To deny the power of the court to permit of such an amendment would in many cases be equivalent to a denial of justice. To admit it is also to admit the right of the defendant to make the same amendment 'before trial without such leave.' But the latter is unquestionably the true intent and meaning of the law as it stands. The Legislature had the right to make our system of pleading as illogical and unscientific as it chose. If it be found, in practice, to operate unfavorably to the orderly and speedy administration of justice, relief must be sought at the fountain.''

It would seem that under this rule, and it has not been departed from since its announcement (*State* v. *Smith,* 43 Ariz. 343, 31 Pac. (2d) 102, 92 A. L. R. 173), that if defendant's answer had consisted of a general demurrer he might be permitted to amend by alleging a new defense, if such amendment was made five days before the trial, and after that by leave of court. The defendant's original answer was that the note originated in the partnership business and was to be paid from the profits, and asked for an accounting of the partnership. In his amended answer, much of what was alleged in the original was omitted but the allegations of the partnership, its continued existence, and the agreement that the note should be paid out of the

profits of the partnership business were retained and made the sole basis for abating the action.

The latest pronouncement of this court on amendment of pleadings is succinctly set forth in headnote four of *Mitchell* v. *Vulture Mining & Milling Company,* 47 Ariz. 249, 55 Pac. (2d) 636, as follows:

"Amendments of pleadings should be allowed with great liberality to end that every cause of action shall be decided on its merits, whenever possible without prejudice to other party."

The amended answer differed from the original in the relief asked. The latter asked for an accounting of the partnership business, while the former asked that the action be abated because the partnership had not been dissolved and settled. We think the court erred in sustaining the general demurrer to the amended answer on the ground that defendant had waived the plea in abatement, but, as we will explain later, it was harmless error.

It is well settled that "an accounting and settlement between copartners is a condition precedent to an action by one against another upon partnership claims and transactions." 47 C. J. 804, sec. 251. In *Bertozzi* v. *Collaso,* 21 Ariz. 388, 188 Pac. 873, 21 A. L. R. 5, this rule is stated to be the law.

The appellee makes the further contention, however, that the court's action in sustaining the demurrer was correct for the reason that, the allegations of the plea as to certain verbal agreements contemporaneous with the execution of the note, even if true, under the parol-evidence rule cannot be shown because the law is that an unconditional promise to pay a definite sum of money at a time certain, delivered to the payee without condition, may not be varied or contradicted by parol evidence. The rule is that the maker of a promissory note may show, as between him-

self and the payee and parties with notice, that he received no consideration for it, or that there was a failure of consideration; also that the note was not delivered to the payee with the intention that it take effect as a completed contract. The plea in abatement assigns but one reason why plaintiff should not prevail in his action on the note and that is that it was agreed between him and Webb that it should be paid out of the profits of the cattle business. In *Albert Steinfeld & Co.* v. *Tew,* 35 Ariz. 147, 274 Pac. 1047, we had a very similar question before us. Defendant Tew resisted the action on the ground that it was agreed between him, as an accommodation maker, and the payee at the time the notes were given that they were to be paid out of moneys realized by defendant from the sale of mines, and if no sale was consummated the note should not be sued upon or considered of any value. We held that evidence admitted to support such a defense violated the parol-evidence rule and should not have been admitted.

In *Neil* v. *Tuley,* 35 Ariz. 523, 281 Pac. 216, the defense interposed to promissory notes sued on was

"that defendant employed plaintiff to work for him in a certain mine and that it was agreed that at the end of each month the latter should be given credit for his work at the agreed price; that from such credit should be deducted the value of any supplies furnished or money paid to him; and that 'as a memorandum and to avoid bookkeeping defendant would execute notes for such balance and deliver the same to plaintiff, subject to express understanding and agreement that such note or notes or unpaid balances should and would not become due and payable or be presented to defendant for payment until such time as defendant might make and consummate a sale of his mining properties or receive funds over and above cash outlays from the sale of ores mined therefrom, sufficient in amount to pay plaintiff such balance.' "

The court ruled that such a defense was not tenable, following the rule announced in *Albert Steinfeld & Co.* v. *Tew, supra,* and *Colvin* v. *Goff, infra.*

 This rule was again approved in *Hoopes* v. *Long,* 40 Ariz. 25, 9 Pac. (2d) 196, in which we said the overwhelming weight of authority was that a promissory note, unconditional on its face, cannot be shown by parol evidence to be conditional. See, also, *Colvin* v. *Goff,* 82 Or. 314, 161 Pac. 568, L. R. A. 1917C 300 and note. This is a well-considered case and the note in L. R. A. discusses the question we have before us quite fully and reviews many of the cases. There are some cases that, for one reason or another, have permitted oral evidence of contemporaneous agreements with the execution and delivery of promissory notes, but we think the great majority of the courts hold that an unconditional promise to pay a definite sum at a time certain may not be varied or contradicted by oral evidence; that the extent to which such evidence may be used is to show that there was no consideration or a failure of consideration for the promise, or that the instrument containing the promise was not unconditionally delivered.

In *Jones* v. *Shaw,* 67 Mo. 667, it was held to be no defense to a suit on a promissory note given by one member of a partnership to another to prove that by prior or contemporaneous oral agreement the note was not to be paid if the partnership did not turn out to be prosperous. The court said:

"The note sued on was an absolute and unconditional promise to pay the sum of money therein specified, and the defendants could not be heard to allege that, by a prior or contemporaneous oral agreement, the note was, in a certain contingency, not to be paid. To permit the defendants to show a contemporaneous parol agreement, that the note was only to be paid in the event the affairs of the copartnership should prove to be prosperous, would be to violate the well-estab-

lished rule that oral testimony is inadmissible to vary or contradict the terms of a written instrument.''

See annotations to *Martin* v. *McBryde,* (182 N. C. 175, 108 S. E. 739) 21 A. L. R. 12, at page 65.

This rule would seem very harsh if the defendant had no other remedy but it is alleged in the amended answer that he has instituted an action in the Superior Court of Graham County for the purpose of having the partnership dissolved and an accounting of its business. In such action, of course, the court would have jurisdiction to go into all the matters and agreements of the parties and enter such judgment as the facts disclose should be entered.

After the case was argued and submitted to this court, Maurice Barth and Jacob Morgan, members of the bar, filed a brief as friends of the court contending that the record discloses that Edith Boyle is interested in the subject matter of the action and should have been made a party. They assert that the court was without jurisdiction to pass on such interest and that its judgment is void. Intervention is permitted ''at any time before the trial of the issues of facts.'' Section 3793, Revised Code of 1928.

It is a cardinal principle that a person must have his day in court and if counsel are right in their contention, Edith Boyle can, in her own time, seek and have such day.

For the reasons herein given, the judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.