[Civil No. 4071.   Filed June 6, 1940.]

[103 Pac. (2d) 253.]

BRACKER STORES, INC., a Corporation and JOSEPH G. BRACKER, and DAVE LEVY and FANNY LEVY, Husband and Wife, and HYMAN DAVISON and JUSTINE DAVISON, Husband and Wife, Appellants, v. J. C. WILSON, Appellee.

Mr. Duane Bird and Mr. Thomas L. Hall, for Appellant.

Messrs. Bilby & Shoenhair and Mr. Harold C. Warnock, for Appellee.

ROSS, C. J.—The plaintiff, J. C. Wilson, brought this action against Bracker Stores, Inc., a corporation, Charles J. Bracker and Joseph G. Bracker, and alleged in the complaint that these defendants, "operating a business under the name of Bracker Vegetable Sales Company," had given their two promissory notes for $1,000 each to Alicia Alcalde, and that Alicia Alcalde had assigned and endorsed them to plaintiff after they were past due.

For a second cause of action it was alleged that defendants owed said Alicia Alcalde on an open account the sum of $414.13, which had been incurred while defendants were acting as the agent of Alicia Alcalde in marketing vegetables and other produce for her,

and that said open account had been assigned to plaintiff.

Defendants first filed a motion to strike certain portions of the complaint. Whether defendants were serious or not in making this motion, we have no hesitancy in holding the court properly overruled it. It was directed at vital and necessary allegations and so many of them that, had it been granted, little except the names of the parties would have been left.

Defendants moved also that plaintiff be required to make his complaint more definite and certain by stating whether or not the endorsement and assignment of the notes and the assignment of the open account were made for "a valuable consideration." This motion was, of course, properly denied.

The defendants' general demurrer to the complaint was overruled. Of this ruling more will be said later on.

Defendants in their answer admit the allegations of citizenship and residence of the parties "and (the allegation) as to the execution of the promissory notes . . . but deny each and every other allegation . . . . " The allegation of the complaint as to the execution of the notes which were admitted was as follows:

"That on June 14, 1935, for a valuable consideration, to-wit: the sum of Two Thousand ($2,000.00) Dollars, the defendants made, executed and delivered two certain promissory notes, each dated June 14, 1935, and each in the principal sum of One Thousand ($1,000.00) Dollars, said notes being in words and figures as follows, to-wit:
" '$1,000.00          No. 2.          June 14, 1935
" 'Ninety days after date, for value received, I promise to pay to the order of Alicia Alcalde One Thousand xx/100 Dollars at Nogales, Arizona, with 6% interest per annum from maturity until paid.
" 'And in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or suit is brought on the

same, then an additional amount of ten per cent on the principal and interest of this note shall be added to the same as collection fees. Interest payable monthly.

" 'BRACKER VEG SALES CO.
" 'J. G. BRACKER, V. P.
" 'J. G. BRACKER

" 'Due Sept. 14, 1935
" 'Address Nogales, Arizona.' "

The other note is in the same words and figures except it is payable four months after date and is "No. 4" instead of "No. 2."

Thereafter defendants filed an "Amended Answer and Counterclaim" in which they denied they were operating a business under the name of Bracker Vegetable Sales Company and alleged that Joseph G. Bracker was doing business under that name; denied that defendants made, executed and delivered those two promissory notes, and alleged that Joseph G. Bracker made, executed and delivered the notes and that if anything was due thereon it was from Joseph G. Bracker. They admitted a balance due on open account of $220.82 but alleged it was owing by Joseph G. Bracker. The counterclaims (three in number) are by Joseph G. Bracker and it is alleged that they arose out of transactions between the plaintiff and said Joseph G. Bracker before the filing of the complaint.

The plaintiff moved that such counterclaims be stricken for the reason that they were not filed at the same time and in the order provided for by section 3775, Revised Code of 1928. This motion was granted.

Upon the trial before the court without a jury the action was dismissed as to Charles J. Bracker and judgment was entered against the defendant corporation and Joseph G. Bracker for the sums represented in the two notes, including principal, interest and attorney's fees. As to the open account, the action was

dismissed as to Charles J. and Joseph G. Bracker and judgment entered against the Bracker Stores, Inc., for $220.82 and interest at 6 per cent. from June 14, 1935.

Defendants gave a bond on release of garnishment, and judgment was entered against the sureties upon such bond, to wit, Dave Levy, Fanny Levy, Hyman Davison and Justine Davison. The appeal is by the Bracker Stores, Inc., Joseph G. Bracker, and the above named sureties.

■■ We first consider the order overruling the general demurrer. The defendants insist that the allegation in the complaint that the defendants were "operating a business under the name of Bracker Vegetable Sales Company" is not sufficient because it fails to state that such "business" was a kind the corporation's articles permitted it to engage in. They reason that the business may be one forbidden by the company's articles or a joint venture *ultra vires* its powers. The allegation referred to does not suggest any partnership or joint venture. So far as the allegation is concerned, the business the corporation and the named individuals were operating might have been the very kind the Bracker Stores, Inc., was organized to carry on. It is also contended that the complaint "contains no allegation sufficient in law to entail a joint and several liability upon the defendants." Evidently defendants overlook the allegation of the complaint that "defendants made, executed and delivered their certain promissory notes," etc., and the provisions of the statute (sec. 3836, Rev. Code of 1928) that make "all parties to a joint obligation, including negotiable paper, . . . severally liable . . . for the full amount thereof."

At the close of plaintiff's case, defendants made a motion for judgment on the grounds that the complaint failed to state a cause of action or to state facts to

charge joint and several liability upon defendants; also on the ground that the plaintiff's proof showed, if anything, that the obligations were those of the Bracker Stores, Inc., instead of joint and several as alleged, thereby creating a variance between the allegations and the proof. The ruling of the court denying the motion is assigned as error. Without setting out the complaint, we are satisfied that it stated two good causes of action against the defendants, one on the notes and one on the open account. It is true the evidence failed to show any obligation on the part of Charles J. Bracker, either joint or several. In that respect, there was a failure of proof as to Charles, and the court properly dismissed him. There was a failure of proof of the allegation that Bracker Stores, Inc., Charles J. and Joseph G. Bracker were jointly and severally liable for the balance of the open account. No judgment was entered thereon against the individual defendants.

The court found that prior to the execution and delivery of the notes to Alicia Alcalde the Bracker Stores, Inc., was operating a business under the name of Bracker Vegetable Sales Company; that its articles of incorporation contained provisions empowering it to act as broker, agent or factor, and to operate the business alleged in the complaint; that Joseph G. Bracker was vice-president, director and stockholder of Bracker Stores, Inc., and that the Bracker Stores, Inc., in the name of Bracker Vegetable Sales Company, and Joseph G. Bracker executed the promissory notes. The court found that the amount owing on the open account ($220.82) was due the plaintiff from the Bracker Stores, Inc.

■■ Defendants, in arguing that there was a failure of proof, make the statement in their reply brief:

" . . . he (appellee) proved not what he pleaded, but that such enterprise was one conducted by Bracker

Stores, Inc., as a part of its own corporate affairs, but managed under a fictitious trade name.''

The court's findings and defendant's admissions in their brief and in their answer establish the joint and several liability of the Bracker Stores, Inc., and Joseph G. Bracker on the notes without any question, and several liability of the corporation for the open account. The judgment entered is authorized by section 3835, Id., which reads:

''Judgment may be given for or against one or more of several plaintiffs or defendants, and shall determine the ultimate rights of the parties. When two or more are sued as joint defendants judgment may be given against those as to whom the cause of action is proved; when a several judgment is proper, judgment may be given for or against one or more of the defendants.''

A failure to prove liability of one or more defendants is no reason why judgment should not be given against those shown to be liable, and there may be several judgments, as here, one against the Bracker Stores, Inc., and Joseph G. Bracker on the first cause of action, and one against the Bracker Stores, Inc., on the second cause of action.

■ The defendants assign the striking of the counterclaims by Joseph G. Bracker as error. They were stricken because they were not filed at the time the answer was filed and in the order provided by section 3775, Id. This section of the Code seems to require that the defendants' pleas or defenses shall all be filed at the same time. Its construction has frequently been before the court and early in its history, in the case of *Perrin* v. *Mallory Com. Co.,* 8 Ariz. 404, 76 Pac. 476, it was decided that a demurrer was an answer and that under the provisions of section 1288, Revised Statutes of Arizona 1913, Civil Code (now sec. 3740, Rev. Code of 1928, somewhat modified

but which modification is immaterial here), allowing amendments to all pleadings, an answer consisting of a demurrer only might be amended to include other defenses. This construction has never been departed from. *Boyle* v. *Webb,* 54 Ariz. 188, 94 Pac. (2d) 642. It was error to strike the defendants' counterclaims on the ground that they were not filed when the demurrer or answer, consisting of a general denial, was filed. Since they were filed more than five days before the trial, leave of court was not necessary and, therefore, they could not have been stricken for that reason.

■ Plaintiff, however, states that, if it be granted the court erred in striking the counterclaims on his motion and for the reason that they were filed too late, the correct result was reached and that therefore the court's action should be upheld. But, is that contention true? The plaintiff demurred to the counterclaims, and each of them, on the ground that they did not state facts sufficient to constitute a cause of action against the plaintiff. An examination of the counterclaims as pleaded by Joseph G. Bracker do, however, appear to state causes of action against the plaintiff. The only question is whether "the matters" so pleaded may be counterclaimed in this action. The pertinent part in section 3778, Id., reads as follows:

"The plaintiff may demur to the answer or to any defense or counter-claim therein contained, upon the ground that the same does not state facts sufficient to constitute a defense or counterclaim, and that the matters may not be counterclaimed in the action. . . . "

The plaintiff by his demurrer did not question the right of defendant to plead "the matters" constituting his counterclaims as a defense or set-off to plaintiff's action. We have decided in *Eads* v. *Murphy,* 27 Ariz. 267, 232 Pac. 877, that, when a note sued on is made by joint defendants, a counterclaim by one of such de-

fendants is not a proper set-off or counterclaim; but we also held that since the plaintiff failed to raise the issue of a proper subject of counterclaim, as provided by the statute (sec. 470, Rev. Stats. of Arizona 1913, Civ. Code; now included in sec. 3778, Rev. Code of 1928), in the lower court, he waived it and defendant was entitled to offer evidence in support of his alleged counterclaim. That seems to be the exact situation in the present case.

We think the case should be sent back for further action on the issues of the counterclaims only.

The case is accordingly remanded with directions that the order striking the counterclaims be set aside and the counterclaims be reinstated for further proceedings thereon, in accordance with law and this opinion.

LOCKWOOD and McALISTER, JJ., concur.