317 P.2d 547

**L. Donald FUSCO, Appellant,**

**v.**

**J. M. KELLOGG and Pauline A. Kellogg, his wife, and A. S. Mehagian and Mary Mehagian, his wife, Appellees.**

**No. 6285.**

Supreme Court of Arizona.

Oct. 22, 1957.

A. E. Farone, Phoenix, for appellant. Snell & Wilmer, Phoenix, for appellees.

PHELPS, Justice.

This is an appeal from a money judgment rendered in favor of plaintiffs, J. M. Kel-

logg et al., and against defendant, L. Donald Fusco. Plaintiffs instituted this action to recover judgment upon a promissory note executed by defendant in the principal sum of $12,500 dated April 5, 1950 and payable on or before April 1, 1953. The complaint alleged that only the sum of $2,000 had been paid on the principal, leaving due a principal balance of $10,500 plus certain accrued interest and attorneys' fees.

Defendant by his answer admitted the execution of the note and generally denied the remaining allegations. As a separate defense defendant alleged that defendant and plaintiffs were parties to the purchase and sale of certain land in Sunnyslope for the agreed price of $7,500, but that a note in the sum of $12,500 was executed. This, defendant alleged, was because he proposed to build a medical clinic on the property purchased and the $12,500 figure was the amount agreed upon to insert in the note at the suggestion of plaintiffs in order to enable the defendant to obtain a larger loan on the property. Defendant further alleged that plaintiffs sent a letter to defendant which was intended as a receipt for $5,000, but which was worded in such form as to make it appear that the $5,000 was intended as a gift. Defendant alleged that it was never intended that $5,000 of the sum of $12,500 should be paid by the defendant. He further alleged there had been a partial failure of consideration in the amount of $5,000 and that he had made a proper tender prior to the bringing of suit.

The only issue in the court below was whether in fact $5,000 of the total amount of the note was to be paid by the defendant. There was no controversy but that there was the sum of $10,500 unpaid unless the sum of $5,000 was to be forgiven or otherwise eliminated, in which event it was conceded that there was due the sum of $5,500 with certain accrued interest.

Upon trial the court sustained the objection of the plaintiffs to the defendant's offer of parol evidence to vary the terms of the written promissory note involved and the letter which was executed contemporaneously with the promissory note. Defendant offered no testimony other than his offer to make proof that the letter referred to was intended as a receipt and that the purchase price agreed upon for the land was $7,500 even though the note was signed for $12,500. Judgment was rendered in favor of the plaintiffs for the sum of $10,500 with attorneys' fees, accrued interest and costs.

The defendant makes two assignments of error: first, that the trial court erred in sustaining the plaintiffs' objection to the introduction of parol evidence by the defendant to show the true consideration for the note; and second, that the trial court erred in refusing to permit defendant to introduce parol testimony to show a partial

failure of consideration for the note in issue.

As to defendant's assignment of error number one, it is the rule in this jurisdiction that the true consideration of an instrument, when it does not specifically appear on the face of the instrument, may be shown by parol. Wentz v. Pacific States Savings & Loan Co., 52 Ariz. 508, 83 P.2d 1006. At the trial the consideration for the note was clearly shown to be a parcel of land sold to defendant by plaintiff. Defendant states in his brief before this court "that the true consideration for the note was the purchase of land at the agreed price of $7,500.00 and that *there was no other consideration.*" (Emphasis ours.) He does not deny that the parcel of land purchased by him was the true consideration for the note and the only consideration given therefor. The letter which defendant claims in his answer was intended as a receipt for $5,000 was received in evidence and speaks for itself. It was mailed to defendant, according to Kellogg, around April 16 or 17, after the matter was closed at the title company. Not until this action was instituted, so far as the record discloses, did defendant ever claim the letter above referred to was other than what it clearly purports to be. Here the rule set forth in Wentz v. Pacific States Savings & Loan Co., supra, is satisfied in that defendant was permitted to show and admits in his brief that the particular land sold to defendant by plaintiff constituted the consideration for the note. Therefore, defendant got what he contracted for, viz., the tract of land he purchased from plaintiff. No fraud is alleged, and we find nothing in the record that suggests fraud.

We stated in Boyle v. Webb, 54 Ariz. 188, at page 197, 94 P.2d 642, at page 646, that:

"* * * There are some cases that, for one reason or another, have permitted oral evidence of contemporaneous agreements with the execution and delivery of promissory notes, but we think the great majority of the courts hold that an unconditional promise to pay a definite sum at a time certain may not be varied or contradicted by oral evidence; that the extent to which such evidence may be used is to show that there was no consideration or a failure of consideration for the promise, or that the instrument containing the promise was not unconditionally delivered."

And in Albert Steinfeld & Co. v. Tew, 35 Ariz. 147, at page 153, 274 P. 1047, at page 1049, we said:

"The true rule seems to be that, 'when the oral testimony goes directly to the question whether there is a written contract or not, it is always competent; but when the effect of the

oral testimony is to establish the existence of a written contract, which it is designed to contradict or change by parol, then the spoken word must yield to the written compact.' Smith v. Dotterweich, 200 N.Y. 299, 93 N.E. 985, 33 L.R.A.,N.S., 892."

For all the reasons above set out we hold that the court was fully justified in rejecting the parol testimony offered by defendant.

█ In his second assignment of error defendant claims that he was denied permission to introduce parol testimony to show a partial failure of consideration for the note, and yet his offer of proof does not make out any such partial failure. He admits that a parcel of land was the true and only consideration for the note and does not offer to prove that he failed to receive the full and complete parcel for which he bargained. The fact that he does not consider the parcel to be worth $12,500 does not constitute a failure of consideration. He does not deny that he received that for which he bargained—a parcel of land. Thus, defendant failed to offer any proof of a partial failure of. consideration, hence his second assignment of error lacks merit.

Judgment affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concur.