[Civ. No. 7820.   Fourth Dist., Div. One.   Apr. 18, 1966.]

SECURITY FIRST NATIONAL BANK, as Administrator with the Will Annexed, etc., Plaintiff and Appellant, v. HOWARD N. WHITTAKER, Defendant and Respondent.

Richard H. Oftedal for Plaintiff and Appellant.

Harwood, Heffernan, Soden & Corfman and Mark A. Soden for Defendant and Respondent.

WHELAN, J.—The personal representative of plaintiff Stathis appeals from a judgment of nonsuit granted under section 631.8 of the Code of Civil Procedure.

Plaintiff's complaint was to quiet title to an undivided one-half interest in an on-sale general license, an on-sale beer and wine license issued to a restaurant known as Lido Castaway, in all of the furniture, fixtures and equipment of the restaurant and in all other property of the Lido Castaway business.

The oral proceedings at the trial were brief. There had been an earlier trial of the case and plaintiff perhaps assumed that

the familiarity of both sides with the factual background as developed in the former trial lingered on in the courtroom like perfume from the tomb of some long-dead Egyptian.

At the second trial no witness was sworn; four exhibits of plaintiff were marked for identification. Plaintiff's exhibit 1, a copy of a notice of dissolution of a partnership known as Lido Castaway between defendant and John J. Cirillo, which was signed by defendant and published on July 18, 1962, was received in evidence.

Plaintiff's exhibit 2 for identification is a certified copy of an order of the referee in bankruptcy of the bankrupt estate of John J. Cirillo. It was made July 20, 1962, and it confirmed to plaintiff the sale for $300 of "all the right, title and interest" of Cirillo "in and to the partnership known as 'Lido Castaway.'"

Plaintiff's exhibits 3 and 4 for identification were a reporter's transcript of the proceedings in bankruptcy, and the notice of the meeting of creditors.

Defendant's objections to the introduction of plaintiff's exhibits 3 and 4 for identification were sustained; his objection to plaintiff's exhibit 2 was overruled. Nevertheless, plaintiff's exhibit 2 is not marked as having been received in evidence.

Upon this state of the record, plaintiff rested. Following the granting of defendant's motion, findings were prepared and signed. Finding No. 1 was that Cirillo was adjudicated a bankrupt on April 26, 1962, and that the referee purported to take jurisdiction of Cirillo's partnership interest and to sell such interest to defendant and confirmed such sale to defendant.

The other findings were that plaintiff was not the owner of a one-half interest in any of the specific property described in the complaint and was not entitled to possession thereof.

The judgment went beyond the findings to adjudge that plaintiff has no right, title or interest either in the personal property described in the complaint and findings, or in *that business known as the "Lido Castaway."*

The defendant's answer alleged that by written agreement dated October 29, 1960, defendant Howard N. Whittaker and defendant John J. Cirillo entered into a partnership; that certain of the assets of such partnership consisted of certain of the property described in plaintiff's complaint.

Cirillo's bankruptcy dissolved the partnership. (Corp. Code, § 15031, subd. (5)) but did not terminate the partner-

ship (Corp. Code, § 15030) in the absence of specific agreement that it should have that effect, of which there is no evidence.

■ Cirillo was a coowner of the specific partnership property, but his right therein was not separately assignable and was not subject to execution. (Corp. Code, § 15025.)

■ Cirillo's interest in the partnership was his share of the profits and surplus; that interest was personal property (Corp. Code, § 15026); that interest was assignable (Corp. Code, § 15027), and its assignment transferred to the assignee the right to an accounting (Corp. Code, § 15027, subd. (2); *Chatten* v. *Martell,* 166 Cal.App.2d 545 [333 P.2d 364]).

■ The sale of the bankrupt's interest in the partnership did not purport to do more than transfer Cirillo's interest in the partnership. It was not a sale of particular assets. (*Anderson* v. *United States,* 131 F.Supp. 501, 503.)

■ Unless there was a different agreement, the non-bankrupt partner had the right to wind up the partnership affairs. (Corp. Code, § 15037.)

■ The rights of Cirillo and his assignee to share in any surplus upon the winding up of the partnership affairs are as set forth in section 15038, Corporations Code, notwithstanding that Cirillo may wrongfully have brought about the dissolution of the partnership. (*Vangel* v. *Vangel,* 45 Cal.2d 804 [291 P.2d 25, 55 A.L.R.2d 1385].)

■ Since the assignment to plaintiff did not vest him with title to any specific property, the motion for judgment was properly granted. The findings of fact are supported because of the lack of evidence.

Because the judgment might be subject to misinterpretation should there be proceedings for accounting between the parties, we deem it proper to modify it so that the second paragraph, commencing with the words "It Is Adjudged" on line 1, and ending with the words "and equipment thereon" on line 4, be amended to read as follows: "It Is Adjudged that plaintiff Peter J. Stathis has no right, title or interest in and to any of the furniture, fixtures and equipment located at Lido Castaway, 730 Lido Park Drive, Newport Beach, California, nor in any other property owned by the business known as Lido Castaway, nor in . . . ."

The judgment is modified in the particulars herein set forth; as so modified, the judgment is affirmed, with costs to respondent.

Brown (Gerald), P. J., and Coughlin, J., concurred.