767 P.2d 34

Nancy J. SERTICH and C. William Sundblad, Plaintiffs–Appellants,

v.

Steve MOORMAN, General Partner and One Civic Center Plaza Ltd. Partnership, a limited partnership; Gilbert Wilson and Eleanor Wilson; Brent Osborn and Julia Osborn, Defendants–Appellees.

No. 1 CA–CIV 9759.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 4, 1988.

Review Granted Jan. 31, 1989.

Kalish & Forrester, P.C. by Marc Kalish, S. Cary Forrester, Phoenix, for plaintiffs-appellants.

Davis & Meyers, P.C. by Douglas G. Wymore, Phoenix, for defendants-appellees.

Dioguardi, Poli & Ball, Ltd. by James B. Ball, Phoenix, for defendant-appellee Wilson.

Myers & Barnes by William J. Reckling, III, Phoenix, for defendants-appellees Osborn.

## OPINION

EUBANK, Judge.

The primary issues on appeal are (1) whether summary judgment was properly entered against the assignees of a debt allegedly owed to a general partner by a limited partnership on grounds that a partnership accounting was a necessary prerequisite to the action; and (2) whether the assignees have standing to seek an accounting.

### FACTS AND PROCEDURAL HISTORY

One Civic Center Plaza Ltd. Partnership ("1 CCP") was an Arizona limited partnership formed in 1983 to develop a commercial building in Scottsdale, Arizona. The general partners of 1 CCP were Gilbert Wilson, Steve Moorman and Steven Bunch; and its sole limited partner was One Civic Center Associates, also a limited partnership in which Brent Osborn was a general partner.

In 1985, pursuant to an action by Moorman, Wilson and 1 CCP against Bunch, the court found that 1 CCP had been dissolved and that winding up had begun. Bunch was ordered to execute a certificate of cancellation of limited partnership. The certificate of 1 CCP was cancelled on March 19, 1985.

Prior to the effective date of the dissolution of 1 CCP, Nancy J. Sertich and C. William Sundblad filed a complaint against 1 CCP seeking to collect payment of a debt allegedly owed by 1 CCP to Bunch. They based their claim on Bunch's 1984 assignments to them of his right to repayment of the alleged debt. Moorman, Wilson and Osborn and their respective spouses were also named as defendants.

It is undisputed that on or about July 31, 1984 1 CCP was indebted to Bunch in the sum of $55,535.17. However, in the process of dissolution prior to the filing of Sertich and Sundblad's complaint, 1 CCP had already set-off its debt to Bunch against the claims of several creditors of Bunch including those of general partners Wilson and Moorman.

Sundblad claims an assignment in the amount of $20,000 and Sertich claims an assignment in the amount of $27,500 against the set-offs distributed to Wilson and Moorman on December 6, 1984.

All parties agree that *after* December 6, 1984, 1 CCP received written notice of the existence of the purported assignments to Sertich and Sundblad. However, it is disputed whether 1 CCP received notice of the assignment *prior* to that date. There had been no action for an accounting among the partners of 1 CCP as of the commencement of this appeal.

The trial court granted summary judgment in favor of 1 CCP, Moorman, Wilson, Osborn and their respective spouses on grounds that Sertich and Sundblad stood in no better position than Bunch, and that Bunch could not sue on the debt before seeking an accounting from 1 CCP. The trial court additionally found that Sertich and Sundblad had no standing to seek an accounting because they were not assignees of a partnership interest.

Sertich and Sundblad filed a timely notice of appeal to this court from the summary judgment. However, the appeal was stayed because of bankruptcy proceedings involving the Moormans. On December 30, 1987 the automatic stay of the bankruptcy court was modified to allow this appeal to proceed. We affirm the judgment of the trial court.

### WAS AN ACCOUNTING A PREREQUISITE TO THIS LITIGATION?

1. *Should the partnership accounting rule be abolished?*

 Sertich and Sundblad are assignees of Bunch's right to repayment of a loan which Bunch made to a limited partnership in which he was a general partner. As Bunch's assignees, Sertich and Sundblad are subject to all defenses to which Bunch would be subject in attempting to collect the debt. *Business Financial Services, Inc. v. Butler and Booth Development Co.*, 147 Ariz. 510, 512, 711 P.2d 649, 651 (App.1985); *Business Financial Services,*

*Inc. v. AGN Development Corp.*, 143 Ariz. 603, 607, 694 P.2d 1217, 1221 (App.1984). *See also Restatement (Second) of Contracts,* § 336, comment b (1981).

Arizona follows the general rule that the only action which lies between partners with regard to partnership business is an action for an accounting. *See, e.g., Bohmfalk v. Vaughan,* 89 Ariz. 33, 39, 357 P.2d 617, 621 (1960); *Bertozzi v. Collaso,* 21 Ariz. 388, 188 P. 873 (1920); *Seguin v. Boyd,* 134 Ariz. 172, 175, 654 P.2d 808, 811 (App.1982). Assuming the applicability of this rule to general partners of a limited partnership, Bunch could not obtain a money judgment against 1 CCP without first obtaining an accounting. Thus, his complaint would have failed to state a claim upon which relief could be granted. *Clark v. Edris,* 120 Ariz. 244, 246, 585 P.2d 264, 266 (App.1978); *Catron v. Watson,* 12 Ariz.App. 132, 134, 468 P.2d 399, 401 (1970). Therefore, unless Sertich and Sundblad can establish that they are not similarly bound by the accounting rule, they cannot seek to recover on 1 CCP's alleged debt to Bunch.

Sertich and Sundblad argue that the accounting rule has outlived its usefulness and should be abolished. This court has, on occasion, criticized the rule and has refused to extend its applicability to joint ventures and tort claims by a general partner against a limited partner. *See Catron v. Watson,* specially concurring opinion at 12 Ariz.App. 135–136, 468 P.2d at 402–03; *Rubi v. Transamerica Title Ins. Co.,* 131 Ariz. 403, 406, 641 P.2d 891, 894 (App. 1981); *Wood v. Holiday Mobile Home Resorts, Inc.,* 128 Ariz. 274, 282, 625 P.2d 337, 345 (App.1981). However, as appellants recognize, the accounting rule was adopted by the Arizona Supreme Court and can be abolished only by that court. *O'Neil v. Martin,* 66 Ariz. 78, 84–85, 182 P.2d 939, 943 (1947). Therefore, we do not consider the parties' respective policy arguments concerning the need to retain or abolish the general rule.

2. *Are there exceptions to the accounting rule which apply in this case?*

 Where a complex accounting involving a variety of partnership transactions is

not required, such as when a disputed claim is segregated from other partnership transactions, an action on that claim may not be precluded by the accounting rule. *See generally* Annot., *Actions at Law Between Partners and Partnerships*, 168 A.L.R. 1088, 1103–05, 1106–09 (1947); 59A Am.Jur.2d §§ 550–555 (1987). Sertich and Sundblad argue that their claim falls within this exception because 1 CCP conceded that it was indebted to Bunch in the amount of $55,535.17 at the time they acquired their assignments and because their claim can be segregated from other partnership transactions.

■ Appellants' argument overlooks a record in this court which indicates numerous claims existing among the partners in their roles as creditors and general partners. In order to establish their claims, Sertich and Sundblad would necessarily have to contest the propriety of various offsets which 1 CCP has made to Bunch's loan. These offsets involve transactions among the individual partners and the partnership itself that cannot be separated from the claims of Sertich and Sundblad. Where there are pre-existing defenses or claims by the debtor to the claims of the assignor the assignee is subject to those defenses. *Business Financial Services, Inc. v. AGN Development*, 143 Ariz. at 606, 694 P.2d at 1220. In order to determine the validity of the pre-existing set-offs, the trial court would have to consider the various transactions among the individual general partners and limited partner of 1 CCP that are appropriately part of an action for an accounting.

In *Clark v. Edris* this court stated:

Loans or advances made by one partner to another may be recovered in an action at law between the partners, although no previous accounting is had, even though the borrower intends to put the money into the firm and does so; *but advancements constituting a loan from a partner to the firm or from the firm to a partner are not such independent transactions as will support an action at law prior to a settlement of partnership affairs.* [Footnotes omitted.] [Emphasis added.]

120 Ariz. at 245, 585 P.2d at 265 (*quoting* 68 C.J.S. *Partnership* § 114 at pp. 556–57 (1950).

Sertich and Sundblad were assigned a debt resulting from a loan made by Bunch, a general partner, to 1 CCP. As emphasized in the above-quoted passage, an action by a partner to recover funds allegedly loaned to the partnership is not an independent transaction which can be the basis of a lawsuit without the prerequisite of an accounting.

3. *Does the Accounting Rule apply to suits by general partners of a limited partnership against the limited partnership and other general partners?*

Sertich and Sundblad alternatively argue that the accounting rule should not apply to this case because 1 CCP was a limited partnership rather than a general partnership. They base this contention on their interpretation of *Wood v. Holiday Mobile Home Resorts, Inc.* and the Uniform Limited Partnership Act, A.R.S. § 29–301, *et seq.*

In *Wood*, this court reversed a trial court decision dismissing a tort action by a general partner against a limited partner. The court stated:

In regard to the counterclaim of *Holiday Mobile*, it is clear in Arizona that insofar as a *general* partnership is concerned, the rule applied by the trial court was correct. Whether this rule should be applied to limited partnerships is less clear.

Whatever the reasons underlying the rule as applied to general partnerships, we see no reason to extend the rule to limited partnerships. Limited partners may be added without affecting continuation of the partnership. A.R.S. § 29–308 [now A.R.S. § 29–317]. Limited partners have no liability to creditors of the partnership. A.R.S. § 29–307 [now A.R.S. § 29–319]. Limited partners have no right to control the business of the partnership and have limited rights in the partnership assets. A.R.S. § 29–316 [now A.R.S. § 29–337].

In short, the "oneness" associated with general partners certainly does not exist in a limited partnership. Seeing no reason to treat the members of a limited partnership differently from other litigants in civil actions, we conclude the trial court erred in dismissing Holiday Mobile's counterclaim solely on the basis of the status of the parties.

128 Ariz. at 282, 625 P.2d at 345.

The opinion in *Wood* focuses on the fact that the rights and liabilities of limited partners are basically set from the formation of the limited partnership; conversely, the rights and liabilities of the general partners change with the fortunes of the partnership.

In support of the *Wood* decision, this court cited 68 C.J.S. *Partnerships* § 485 (1950) which describes a narrow exception to the accounting rule with regard to limited partnerships—i.e., suits by general *partners* against limited *partners* and vice versa. The annotation makes no reference to cases involving general partners of a limited partnership suing each other or the partnership itself.

While the "oneness" associated with general partners may not exist between general partners and limited partners, it does exist among the general partners of a limited partnership in precisely the same manner as in a general partnership.

■ We do not interpret *Wood* to preclude the applicability of the rule requiring an accounting as a prerequisite to a lawsuit for damages where a general partner of a limited partnership sues another general partner or the partnership itself. Rather, we find that *Wood* specifically distinguishes the respective rights of *general* and *limited partners* to institute actions against each other arising out of their relationship. A contrary interpretation would conflict with A.R.S. § 29–324 which provides:

(a) Except as provided in this chapter or in the partnership agreement, a general

partner of a limited partnership has the rights and powers and is subject to the restrictions of a partner in a partnership without limited partners.

(b) Except as provided in this chapter, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners.

(c) Except as provided in this chapter or in the partnership agreement, a general partner of a limited partnership has the liabilities of a partnership without limited partners to the partnership and to the other partners.

At the time this statute and its predecessor [1] were enacted, it was well established in Arizona case law that general partners in a "partnership without limited partners" were precluded from suing other partners and the partnership without first seeking an accounting. Statutory enactments should be construed as consistent with the common law, if possible. *Farnsworth v. Hubbard,* 78 Ariz. 160, 277 P.2d 252 (1955). Further, it must be presumed that the legislature knew of the judicial construction of the rights and restrictions of general partners when it passed A.R.S. §§ 29–309 and 29–324. *Daou v. Harris,* 139 Ariz. 353, 678 P.2d 934 (1984); *State v. Pennington,* 149 Ariz. 167, 717 P.2d 471 (App.1985). Thus, we conclude that the accounting rule is applicable to limited partnerships.

### 4. *Is the accounting rule inapplicable for other reasons?*

Sertich and Sundblad next argue that they are entitled to recover against 1 CCP based on A.R.S. § 29–336 which states:

At the time a partner becomes entitled to receive a distribution, he has the status of, and is entitled to all remedies available to, a creditor of the limited partnership with respect to the distribution.

---

**1.** Prior to the 1982 and 1983 amendments to the Uniform Limited Partnership Act, A.R.S. § 29–309 governed the powers of general partners in a limited partnership and provided:

A general partner shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners....

They argue that "there is no rule of law that precludes a creditor of a partnership from suing the partnership or its partners before there is a final accounting of the partnership affairs." Apparently they are arguing that Bunch was "entitled" to a distribution and, therefore, has the right of a creditor as provided in A.R.S. § 29–336. However, an accounting is necessary to determine whether Bunch was entitled to a distribution and thus was a creditor or was a debtor. 1 CCP obviously determined that Bunch was not entitled to a distribution due to a variety of off-sets. Appellants disagree with 1 CCP. Until a judicial determination of the partnership accounts is made, it is impossible to determine Bunch's entitlement to a distribution and, therefore, whether he was a creditor.

Finally, Sertich and Sundblad assert that an accounting is not necessary under the facts of this case because no express statutory provision in the Uniform Limited Partnership Act, A.R.S. § 23–301, et seq., requires an accounting. However, as previously discussed, absent a specific statutory requirement, Arizona courts have consistently required an accounting as a prerequisite to such a suit under the Uniform Partnership Act (A.R.S. § 29–201, et seq.). For the reasons previously discussed, the accounting rule is applicable under the Uniform Limited Partnership Act in cases where a general partner is suing other general partners or the partnership. Further, A.R.S. § 29–363 makes the Uniform Partnership Act (A.R.S. § 29–201 et seq.) applicable to "cases" not provided for in the Uniform Limited Partnership Act. Thus, an accounting is required.

## STANDING TO SEEK AN ACCOUNTING

The written assignments of Sertich and Sundblad's respective claims are assignments of the right to collect on a loan allegedly made by Bunch to 1 CCP. The assignments do not purport to be assignments of Bunch's partnership interest; nor under the Certificate and Agreement of Limited Partnership could Bunch have made an assignment of his general partnership interest without the prior approval of the other partners. The trial court concluded that because Sertich and Sunblad had not been assigned partnership rights, they did not have standing to seek an accounting.

Sertich and Sundblad rely primarily on A.R.S. §§ 29–346 and 29–301(10) as the basis for their contention that they have standing to bring an action for an accounting. A.R.S. § 29–346 provides:

Except as provided in the partnership agreement, the general partners who have not wrongfully dissolved a limited partnership or, if none, the limited partners may wind up the limited partnership's affairs, but the superior court may wind up the limited partnership's affairs upon application of any partner, his legal representative or assignee.

A.R.S. § 29–301(10) provides:

'Partnership interest' means a partner's share of the profits and losses of a limited partnership and the right to receive distribution of partnership assets.

Sertich and Sundblad argue that because they have been assigned Bunch's right to repayment of a loan, they have a right to receive distribution of partnership assets. Therefore, they contend that they are assignees of a "partnership interest" pursuant to A.R.S. § 29–301(10) and, accordingly, are entitled to seek an accounting pursuant to A.R.S. § 29–346. This broad reading of A.R.S. § 29–301(10) would make every creditor of a limited partnership the owner of a partnership interest; all legitimate creditors would be entitled to partnership assets to satisfy their claims. This interpretation takes the statutory language beyond its reasonable meaning. *See In re Gibson*, 67 B.R. 957 (Bankr.E.D.Mich.1986).

"Partnership interest" as defined in A.R.S. § 29–301(10) refers to the totality of a partner's entitlement to distribution of the profits and losses of the partnership and the right to receive distribution of particular partnership assets. It does not mean a partnership interest as represented by the evidence of a debt by the partnership to the individual partner. Sertich and Sundblad received an assignment only of Bunch's

entitlement to receive repayment of a specific loan which he made to 1 CCP. They did not receive an assignment of his "partnership interest" in the sense of his right to recover the totality of his share of the profits and losses of 1 CCP and a right to distribution of various assets that the partnership might own. There was no transfer of the "partnership interest" pursuant to Article XII of the Certificate and Agreement of Limited Partnership, which requires prior written approval of all the partners. *See* A.R.S. § 29–340.

Appellants' reliance on *Security First National Bank v. Whittaker*, 241 Cal. App.2d 554, 50 Cal.Rptr. 652 (1966) is misplaced. In the *Security* case, there was an actual assignment of a partner's share of the profits and surplus of the partnership. The *Security* court stated:

> Cirillo's interest in the partnership was his share of the profits and surplus; that interest was personal property; that interest was assignable, and its assignment transferred to the assignee the right to an accounting.

*Id.* at 557, 50 Cal.Rptr. at 653 [citations omitted]. The assignment in *Security* was much broader in scope than simply the repayment of the individual debt assigned in this case. As previously noted, Article XII of the partnership agreement prohibited partners in 1 CCP from making an assignment of partnership interest to the extent of the assignment that was made in *Security* without the express consent of all partners. No such consent was given in this case, nor do the assignments on their face purport to assign anything more than the right to repayment of a specific loan.

We find that the trial court correctly held that Sertich and Sundblad did not receive a partnership interest and accordingly, they were without standing to seek an accounting.

As we conclude that the trial court appropriately held that the general accounting rule precluded this litigation and further properly concluded that Sertich and Sundblad were without standing to bring an action for an accounting, we do not reach appellants' arguments with respect to denial of their motion for partial summary judgment.

Appellees have requested their attorney's fees on appeal pursuant to A.R.S. § 12–341.01. In the exercise of our discretion we grant appellees' request for attorney's fees in an amount to be determined following the submission of a statement of costs in accordance with Rule 21, Arizona Rules of Civil Appellate Procedure.

The judgment of the trial court is affirmed.

GRANT, C.J., and JACOBSON, J., concur.